LA FOND *v.* DETROIT CITIZENS' STREET-RAILWAY CO.

STREET RAILWAYS—INJURY TO PASSENGER—ACTS OF TRESPASSERS
—NEGLIGENCE.

> Plaintiff, a passenger on defendant's street car, while passing
> around the car after alighting, was injured by catching her
> foot in a rope attached to the rear of the car by a trespasser.
> The rope had been on the car for some minutes, while the car
> was traveling about a mile and a half, but, on account of the
> darkness, was not discovered. On one other occasion a rope
> had been found attached to a car of defendant, but knowledge
> of the fact was not brought home to the conductor of the car
> in question. *Held*, that defendant was not guilty of negli-
> gence in failing by inspection to ascertain the presence of the
> rope and remove it.

Error to Wayne; Carpenter, J. Submitted October 9,
1902. (Docket No. 31.) Decided November 11, 1902.

Case by Marie La Fond against the Detroit Citizens'
Street-Railway Company for personal injuries. From a
judgment for defendant on verdict directed by the court,
plaintiff brings error. Affirmed.

*Ira A. Lieghley* and *William W. Ferguson*, for
appellant.

*Brennan, Donnelly & Van De Mark*, for appellee.

MONTGOMERY, J. The facts appearing on the trial are
summarized by the circuit judge as follows:

"Plaintiff, a passenger on defendant's street car,
alighted from that car at the intersection of Congress
street and Joseph Campau avenue, and, as she passed
around the car after alighting, her foot caught in a rope
that was dragging, and she was seriously injured. The
testimony abundantly proves that some boy who was in
the habit of hitching sleds or cans or something of the
sort—at least, that is the natural and necessary inference
from this testimony—had left that rope attached there.

Now, the question is whether there is any evidence of negligence on the part of the street-car company. The question is whether there is any evidence from which it can be inferred that they were negligent in not' discovering the rope and removing it. Bear in mind to what part of this car the rope was attached. It was not attached above, but below, the projection, which is practically level with the platform. Bear in mind that it was after dark; between 6:20 and 6:30 on the evening of January 12th; some time after dark. Of course, the only way a rope of this sort could be discovered would be by close examination. None of the men on the back of that car saw the rope until some one was struck by it, except the one who passed around it when he alighted. I think you would be justified in inferring from the testimony of Reid, who got on at the corner of Woodward avenue and Congress street, that the rope was on from Woodward avenue, from a mile and a quarter to a mile and a half; that it took 7½ minutes to go from Woodward avenue to this place; and, if it was on there, perhaps it was on some time longer. * * *

"Now, the other suggestion is that, inasmuch as it has been shown to be a custom on the part of the boys on Congress and Baker streets, and upon the other streets upon which this car line is operated, to hitch on, that precaution ought to have been taken. The testimony shows, from all the witnesses except two, that, as soon as the conductors discovered boys were hitching on, they stopped them. There is no custom, in other words, that permitted this to be done. It is true, two witnesses testified that they had seen boys hitching there without the conductor stopping them, while half a dozen or more witnesses testified that the conductor always stopped them. The only inference I can draw from the testimony, then, is that it was the custom not to permit them."

The circuit judge was of the opinion that no actionable negligence was shown, and directed a verdict for defendant. In this opinion we concur. The rope was no part of the equipment of the car, and was placed there by a trespasser. The only fault which the plaintiff's counsel attribute to the defendant is the failure to discover the fact of the trespass and remove the rope. As pertinently suggested by the trial judge, if it was incumbent upon the defendant's employés to make an inspection every few

blocks, or as often as every 7½ minutes, it is difficult to see why such inspection should not have been continuous. The testimony does not show that the conductor in charge of the car in question had any reason to expect that such a rope had been left dangling in the rear of this car. True, there was testimony that on one occasion a rope had been found attached to another car of defendant company, and was cut off; but the conductor of this car is not shown to have had any knowledge of it. And it was a circumstance so unusual that it cannot be held that its occurrence entailed upon the company the duty of providing for a special and continuous inspection to prevent a repetition of such a trespass. A similar question was considered in *McCaffrey* v. *Railroad Co.*, 47 Hun, 404, which was ruled against the plaintiff. See, also, *Fredericks* v. *Railroad*, 157 Pa. St. 103 (27 Atl. 689, 22 L. R. A. 306); *Jakoboski* v. *Railroad Co.*, 106 Mich. 440 (64 N. W. 461).

The judgment is affirmed.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.