MATTIE L. BURNS, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, April 8, 1913.    Motion for Rehearing Overruled July 5, 1913.

1. **NEGLIGENCE: Inferences: Burden of Proof.** In an action for personal injuries, the mere fact that plaintiff was injured does not warrant an inference that defendant was negligent; the burden being on plaintiff to establish, either by direct proof or by reasonable inference, some want of care on the part of defendant, to which the injuries might reasonably and fairly be attributed.

2. **STREET RAILWAYS: Injury to Person on Station Platform: Res Ipsa Loquitur.** The *res ipsa loquitur* doctrine applies in a case where a person, while standing on a station platform maintained by a street railway company for its passengers, was

struck and injured by something protruding from a passing car, even though the relation of carrier and passenger had not begun.

3. **NEGLIGENCE: Res Ipsa Loquitur: Carriers of Passengers.** The *res ipsa loquitur* doctrine is not confined to cases where the relation of carrier and passenger exists.

4. **STREET RAILWAYS: Injury to Person on Station Platform: Res Ipsa Loquitur: Sufficiency of Evidence.** In an action against a street railway company for injuries received by plaintiff through being struck by something protruding from a passing car while she was standing on a station platform maintained by defendant, evidence *held* to warrant the submission to the jury of the question of whether plaintiff was struck by something protruding from the car.

5. ———: ———: ———: **Instructions.** In an action against a street railway company for injuries received by plaintiff through being struck by something protruding from a passing car while she was standing on a station platform maintained by defendant, an instruction for plaintiff required the jury to find, among other things, that plaintiff stood at a place where defendant invited persons desiring to take passage on its cars to stand, and that plaintiff intended to take passage on one of defendant's cars and was ready, willing and able to pay her fare. *Held*, that the instruction was not prejudicial on the ground that it tended to give the jury the impression that plaintiff was suing as a passenger, for whether she was a passenger or not was of no importance.

6. ———' ———: ———: **Instructions.** In an action for personal injuries resulting from being struck by something protruding from a passing street car, an instruction for plaintiff requiring the jury to find certain facts which, unexplained, constituted negligence as a matter of law, was not erroneous because it failed to define negligence or the term "negligently" as used therein.

7. **NEGLIGENCE: Instructions: Failure to Define Negligence.** The failure of an instruction to define negligence is not erroneous where the facts hypothesized constitute negligence as a matter of law.

8. **TRIAL PRACTICE: Argument of Counsel.** In an action against a street railway company for injuries resulting from being struck by something protruding from a passing car, a statement by plaintiff's counsel, in his argument to the jury, that defendant's failure to introduce evidence to rebut the presumption of negligence raised was a confession of negligence, was not so prejudicial to defendant as to be reversible error, inasmuch as plaintiff's evidence made a prima-facie case of

negligence, calling for an explanation on the part of defendant, and none was forthcoming.

9. APPELLATE PRACTICE: Trial Practice: Argument of Counsel: Review: Sufficiency of Objection. An objection to alleged improper remarks of counsel in his argument to the jury, in the form, "I except to that statement," made at the end of a series of statements, is not sufficiently specific to permit of a review of such remarks on appeal; following Torreyson v. Railroad, 164 Mo. App. 366.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*Boyle Priest* and *G. T. Priest* for appellant.

(1) The court erred in overruling defendant's demurrer to the evidence. (a) Because the evidence failed to show the defendant was negligent in the respects charged in the petition. Mueller v. Railways, 155 Mo. App. 528; Beve v. Transit Co., 212 Mo. 68; Monroe v. Railroad, 155 Mo. App. 710. (b) Because it is physically impossible for the accident to have happened the way plaintiff claims it did. McClannahan v. Railroad, 147 Mo. App. 387; Browning v. Railroad, 106 Mo. App. 729; Cook v. Railroad, 162 Mo. 569; Phippin v. Railroad, 196 Mo. 321; Spiro v. Railways, 102 Mo. App. 250. (c) Because the evidence leaves it to speculation and conjecture as to how plaintiff received her injuries. Warner v. Railroad, 178 Mo. 125; Root v. Railroad, 195 Mo. 348; Beverly v. Light Co., 130 Mo. App. 593. (2) The court erred in giving plaintiff's instruction No. 1; said instruction being erroneous and misleading—(a) Because it submits the issue to the jury that plaintiff was a passenger and as such entitled to that degree of care due a passenger, when the evidence shows that she did not properly indicate her intention to become a passenger in time for the operatives in charge of the car to act upon it.

(b) Because it submits conclusions of law to the jury instead of conclusions of fact. Hinzeman v. Railroad, 182 Mo. 624. (c) Because it fails to define negligence. Coving Saw Mill v. Drexelas, 87 S. W. 266. (3) The court erred in permitting counsel to make improper argument over the objection and exception of defendant's counsel. Munro v. Railroad, 155 Mo. App. 528. (4) Because the court erred in permitting counsel, over the objection and exception of defendant, to make prejudicial argument to the jury, calculated to appeal to their passion and inflame their minds against defendant. Massingale v. Rice, 94 Mo. App. 430; Haynes v. Trenton, 108 Mo. l. c. 133; Fruck v. Traction Co., 124 S. W. R. 1079.

*Barclay, Fauntleroy, Cullen & Orthwein* and *Wm. R. Gilbert* for respondent.

(1) In the absence of explanation on the part of defendant, the fact that plaintiff was standing where it would have been safe but for an object projecting beyond defendant's car, requires a verdict against defendant. Thompson v. St. Louis S. W. Ry. Co., 148 S. W. 484; Hicks v. Railroad, 64 Mo. 430; Crawford v. Stockyards Co., 215 Mo. 394; Ahnefeld v. Railroad, 212 Mo. 280; Doss v. Ry., 59 Mo. 27; Howser v. Railroad, 80 Md. 146; Railroad v. Davis, 60 S. W. 141; Railroad v. O'Neil, 172 Ill. 527; Railroad v. Dix, 188 Fed. 901. (2) Plaintiff was not negligent in failing to look for the projection, as there were no circumstances indicating anything was there. Langan v. Railroad, 72 Mo. 392; Hicks v. Railroad, 64 Mo. 430. (3) That plaintiff was struck was admitted. The only question put in issue by defendant's answer was whether she was struck by the car because she stood too close, as charged in defendant's answer, or by an object projecting beyond the car. The car crew were not introduced to prove this defense set up by defendant, nor were any of the passengers (?) who, defendant pre-

tends to think, projected something through the window which put out the lights and struck plaintiff. In these circumstances, defendant cannot attack the instructions, for "except for the right of defendant to have the credibility of the witnesses passed on by the jury, the court might properly have declared defendant negligent as a matter of law." Nagel v. U. R. Co., 152 S. W. 622. There is no error in instruction No. 1; the jury are required to find that defendant ran a car past a place provided for the reception of passengers with an object projecting beyond the sides; this constitutes negligence. Thompson v. Railroad, 148 S. W. 484; Hicks v. Railroad, 64 Mo. 430; Railroad v. O'Neil, 172 Ill. 527; Railroad v. Davis, 60 S. W. 14. (4) The argument of counsel to the jury was legitimate and proper; defendant's objections were properly overruled. Where a defendant (especially this one) fails to produce evidence under its control the conclusion is warranted, in fact is irresistible, that had it been introduced, defendant would have set a boomerang in motion. Burridge v. Insurance Co., 211 Mo. 158; Eppstein v. Railroad, 197 Mo. 720; Reyburn v. Railroad, 187 Mo. 565; Kirk v. Middlebrook, 201 Mo. 245. Besides, appellant has not preserved its exception for review. Torreyson v. U. R. Co., 164 Mo. App. 366.

ALLEN, J.—This is an action for personal injuries alleged to have been suffered by plaintiff by being struck and injured by some object projecting from a car of defendant, whilst plaintiff was standing near defendant's track, on a cinder pathway maintained by defendant for the use of its patrons. Plaintiff recovered and defendant prosecutes the appeal.

The petition alleges that, on January 11, 1909, plaintiff was standing on a cinder path or platform, at a stopping place for defendant's cars, known as Wheaton, in the county of St. Louis, intending to take passage upon a car of what is known as defendant's

"Creve Coeur" line of railway; that, on the approach of a car, plaintiff signalled to the motorman in charge thereof, indicating her desire to be received thereon; that the motorman in charge thereof, negligently disregarding the signal, failed to stop the car, but negligently allowed it to continue running at a negligent and excessive speed of about thirty miles per hour; that, as the car passed plaintiff, "an object which defendant negligently allowed to project from said car caught plaintiff, knocked her down and dragged her," whereby plaintiff was injured.

The defendant in its answer denied generally the allegations of the petition, and averred that "plaintiff's injuries, if any, were caused by her own negligence and carelessness in standing so dangerously near defendant's tracks as to be struck by its passing car."

The evidence as to how plaintiff received her injuries consisted solely of her own testimony. It appears that about six o'clock in the evening, on the date above mentioned, plaintiff was standing on the south side of defendant's track, at the stopping place mentioned, intending to take passage on an eastbound car of defendant. There is no station at this point, nothing but what is described as a cinder platform, maintained by defendant for the accommodation of its passengers. This was somewhat below the level of the car tracks, and sloped gently away from them. The tracks at this point curve somewhat, the curve beginning some little distance west of the stopping place; the "platform" being on the inner or concave side of the curve. Plaintiff testified that, as a car approached from the west, she saw it when about thirty-five feet away from her, and that, when the front of the car was within ten or twelve feet of her, she signaled to the motorman; that the car did not stop, but that, after the front part of the car had passed her, she felt a stinging blow in the face, and at the same instant the

electric lights on the car went out; that the car ran for something like a block before stopping, and the motorman called to her that he would come back and get her; that "they worked for some time on the car, the lights went up, and they came back and got" plaintiff. She testified that the lights remained out on the car about ten minutes, then reappeared, and the car backed up to take her on.

Plaintiff's forehead was cut and injured, her nose broken, and her left eye injured. The injury to her forehead was described as a "hole about the size of a nickel," which had to be stitched, and which left a scar. The injury to the nose was between the eyes. Plaintiff testified that the blow was quite severe, and that, when she was struck, it seemed as if something was pulling her back, and that she went down on her arms and knees; that her hair and hat were "pushed" far back.

She testified that she was standing three or four feet from the ends of the ties supporting the rails; that the car in question approached at a high rate of speed and as it turned into the curve, it was rocking, and that, because of this and the speed of the car, she stepped back as the car approached, even a little farther from the track.

The physician who treated plaintiff testified to her injuries and stated that there were abrasions on her face and that after the injury her face looked "like somebody had gone over it with sandpaper."

At the close of plaintiff's case, defendant offered a peremptory instruction in the nature of a demurrer to the evidence, which was refused by the court. The defendant offered no testimony.

The court, at the instance of plaintiff, instructed the jury that if they found that plaintiff took a stand at a place where defendant customarily received passengers on its cars and where defendant invited persons desiring to become passengers to stand, and that

she stood sufficiently far from the track to avoid being struck by cars in the ordinary operation thereof, and intended to take passage on one of defendant's cars, and was ready, willing and able to pay her fare, and that, while so standing, defendant ran one of its cars by the place where she was standing, and negligently allowed an object to project from said car, which knocked plaintiff down and injured her, then plaintiff was entitled to recover.

The only other instruction given at the request of plaintiff pertained to the measure of damages.

The following instruction asked by defendant was given by the court:

"The court instructs you that the burden of proving a case rests upon the plaintiff and unless she has done so to your satisfaction by the preponderance, or greater weight, of the evidence, then your verdict must be for defendant."

One instruction requested by defendant was refused, but the refusal thereof is not assigned as error.

During the opening argument of plaintiff's counsel, Mr. Cullen, before the jury, the following occurred.

Mr. Cullen: "Gentlemen of the jury, there is very little left in this case for discussion. Practically you know where there is a contested issue that we hear from both sides as to how it happened. In this particular case we hear from only one side, and the natural, the inevitable, the reasonable and logical conclusion is that the silence of the defendant stands as a confession of the charge."

Mr. Priest: "Your Honor, I except to that statement, that the silence of the defendant in this case is a confession that the accident happened the way the plaintiff says it did, and that the defendant was negligent."

The Court: "You may proceed, Mr. Cullen."

176 Mo. App. 22

Mr. Priest: "Just a minute, do I get a ruling of the court?"

The Court: "I said Mr. Cullen may proceed."

Mr. Priest: "I except to the Court's ruling."

And the following took place during the closing argument of plaintiff's counsel:

Mr. Cullen: "I want to say this, that no company or no organization of this city, has any right to take from a woman, or from anybody else the appearance which God Almighty gave her; they have no right to inflict on her pain and suffering, to destroy and injure or even impair the nervous system, as it is done in this case, and then without a word of explanation, without a suggestion of palliation come before a jury—"

Mr. Priest: "I except to that statement."

The Court: "Proceed."

Mr. Priest: "I ask that counsel be rebuked."

The Court: "I have ruled on the matter, Mr. Priest."

Mr. Priest: "I except to the court's ruling."

There was a verdict for plaintiff in the sum of $970 and judgment entered accordingly.

Defendant assigns as error the overruling of its demurrer; the giving of the instruction for plaintiff, the substance of which is given above; and the action of the trial court in permitting plaintiff's counsel to make the above remarks in the course of argument before the jury.

I.    The mere fact of an injury to plaintiff does not warrant an inference that defendant was negligent; and the burden was on plaintiff to establish, either by direct proof or by reasonable inference, some want of care on the part of defendant, to which her injuries might reasonably and fairly be attributed. Granting, however, that something projected from this passing car, the latter being under the exclusive man-

agement and control of defendant, and which struck and injured plaintiff while she was rightly standing upon defendant's platform, proof of such occurrence carries with it an implication of some neglect. In such cases the doctrine of *res ipsa loquitur* has been held to apply, and the burden cast upon defendant to rebut the presumption of negligence thus raised. [Thompson v. Railroad, 243 Mo. 336, 148 S. W. 484; Delaware, etc., Co. v. Dix, 188 Fed. 901; see also Hick v. Railroad, 64 Mo. 430, and Chicago, etc., Ry. Co. v. Thrasher, 73 N. E. 829.]

The application of this rule is not confined to cases where the relation of passenger and carrier exists; and in the instant case, if plaintiff was injured by something projecting from the car, it matters not, so far as concerns the application of this doctrine, whether the relation of passenger and carrier had begun or not.

It is insisted by appellant that there was no proof that any object projected from the car. While plaintiff could not say what it was that struck her, she testified that it was "somthing pertaining to the car;" that she was standing far enough from the track to avoid being struck by the car itself, and that, as the car passed her, the thing which struck her violently in the face, and which she says was something pertaining to the car, seemed to pull or drag her backward. Apparently no one was at the stopping place but plaintiff, and hers was the only testimony as to what took place at the time and place in question. Her testimony, however, taken as a whole, was sufficient proof, prima facie, that the object which struck her, whatever it was, was attached to and projected from the passing car.

There is positive testimony of plaintiff that the thing which struck her pertained to the passing car. That she was not able to see and tell just what was the nature of the object which struck and pulled her is not altogether inconsistent with her testimony that it was

something attached or pertaining to the car. The latter is something which she doubtless could observe and detect under the circumstances, even though she were not able to see what was the precise nature of the object. And the physical facts attendant upon her injury, as testified to by her, did not tend to refute her testimony in this particular, but tended strongly to corroborate it. Just as the car passes her, going rapidly, she is struck by some rapidly moving object, and is pulled or dragged backward; indicating that the thing which struck and pulled or dragged her was being moved along with the car and drawn by it. It does not appear that there was anything at or about the place in question which could have struck plaintiff, unless it be something in connection with the passing car. Coupled with this, was the fact that as the car approached plaintiff the electric lights in it were burning, but at the same instant that plaintiff was struck these lights were extinguished. This would readily suggest that the flying object which struck plaintiff had some connection with the car, and with the going out of the lights.

From plaintiff's testimony it appears that defendant's agents and servants in charge of the car were working on or about it for some ten minutes, before the lights on the car reappeared and it was brought back to take her on board. This would indicate certainly that something had gone wrong with respect to the car. Plaintiff's theory seems to have been that the trolley came off, extinguishing the lights, and that plaintiff was struck by the trolley rope. It is argued, on the other hand, by defendant that the trolley rope could not have produced such an injury; and that when the trolley comes off of the overhead wire it goes straight upward, carrying the rope with it, and that it could not have been the trolley rope that hit plaintiff. A careful review of the evidence before us, however, convinces us that plaintiff's evidence was sufficient to

warrant the submission of the case to the jury. It
certainly tended to prove, prima facie, that there was
some object, whatever it may have been, projecting or
protruding from the car, and which struck plaintiff.

It is suggested by appellant that plaintiff may
have been struck by something thrown by a passenger,
or some one else; but, after the showing made by plain-
tiff, it devolved upon defendant to offer proof tending
to overcome the inference to be drawn from plaintiff's
evidence, and to show, if it could, that plaintiff was
struck and injured by something not connected with its
car or for which it was not responsible. It is unneces-
sary to discuss other questions raised with respect to
this assignment of error.. The proof adduced by
plaintiff was sufficient to entitle her to rest her case
upon the presumption of negligence thereby raised.
We think that the demurrer was properly overruled.

II. Error is assigned in the giving of the instruc-
tion for plaintiff referred to above, in that the instruc-
tion, as appellant says, seeks to give the jury the im-
pression that plaintiff was suing as a passenger, and
that this is erroneous and misleading. But we are
unable to see how the instruction in this respect could
have been prejudicial to the defendant. Plaintiff was
upon defendant's premises by implied invitation, wait-
ing upon a "platform" maintained by defendant for
the accommodation of its passengers, for the purpose
of taking passage upon one of defendant's cars. It
is of no importance, however, as we have said above,
whether she is to be regarded as a passenger or not.
Defendant, in the operation of its cars, in passing such
a stopping place, was under the obligation to exercise
due care for the safety of anyone lawfully at such
place. [Thompson v. Railroad, supra; Railroad v.
Dix, supra; Hicks v. Railroad, supra; Ransom v.
Depot, etc., Cos., 142 Mo. App. 361, 126 S. W. 785.]
And the presumption arising from the facts in evi-

dence originates from the nature of the act, and not from the relation between the parties, as we have seen above.

It is also urged that error inheres in this instruction in that it submits conclusions of law and not of fact; and in failing to define negligence, or the term "negligently" as used in the instruction. We think, however, that the giving of the instruction in this form was, at any rate, not reversible· error. It requires the jury to find certain facts, which, in the absence of explanation, the law itself pronounces negligent. And under these circumstances it is not fatal error that the instruction fails to define negligence, or the term "negligently" as used therein. [Kaake v. Dulle Co., 153 S. W. 74.]

III.  Appellant's remaining assignments of error pertain to the action of the trial court in permitting plaintiff's counsel to make the remarks above set out, in the presence of the jury. The first of these consists of an argument to the effect that the failure of defendant to introduce any evidence to rebut the presumption of negligence raised, amounts to a confession of its negligence. We think that this could not have been so prejudicial to the defendant as to constitute reversible error.  As we have said, the facts proved by plaintiff were sufficient, prima facie, to raise a presumption of negligence on the part of defendant. They called for explanation at its hands; and none was forthcoming.

In Nagel v. United Railways Company, 152 S. W. 621, this court speaking through NORTONI, J., said: "Defendant introduced no. evidence whatever tending to rebut the presumption of negligence or tending to show that it had acquitted its obligation with due care. This being true, it would seem that, though the general denial in the answer put the question of negligence at issue, plaintiff sustained his burden and established the fact of negligence by showing a state of facts, as he

did, which afforded the presumption, and that matter was set at rest in the case in the absence of countervailing proof on the part of defendant. In other words, when the presumption of negligence arose on the facts developed and defendant declined to combat it or even attempt to repel it, the issue touching that matter disappeared. In this state of the case, except for the right of defendant to have the credibility of the witnesses passed upon by the jury, as declared in Gannon v. Laclede Gaslight Co., 145 Mo. 502, 46 S. W. 968, 47 S. W. 907, 43 L. R. A. 505, the court might properly have declared defendant negligent as a matter of law.'' [See also Reyburn v. Railroad, 187 Mo. 565, 86 S. W. 174; Eppstein v. Railroad, 197 Mo. 735, 94 S. W. 967; Burridge v. Insurance Co., 211 Mo. 158, 109 S. W. 560.]

Plaintiff's counsel characterized defendant's silence as a ''confession of the charge'' against it. While not a confession thereof, properly speaking, as defendant was of record denying the charge, nevertheless it was tantamount to an admission of its inability to overcome the presumption raised against it by plaintiff's proof; and some allowance must be made for the fervor of counsel in advocating his client's cause.

The remaining remark of plaintiff's counsel objected to is said by appellant to have been intended to arouse passion and inflame the minds of the jury against defendant; that the language is ''vicious in its intent and directed to exciting the jury to give vindictive and exemplary damages.'' We scarcely think that it is subject to such a serious charge; or that the verdict of $970 indicates passion and prejudice on the part of the jury. However, under the ruling in Torreyson v. Railways Co., 164 Mo. App. 366, 145 S. W. 106, and cases there cited, we hold that the objection of defendant to this language of plaintiff's coun-

sel was not sufficiently specific to permit the question to be here reviewed.

For the reasons given above the judgment of the circuit court should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.