JAMES GALLAGHER v. ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Appellant.—59 S. W. (2d) 619.

Division One, April 20, 1933.

*T. E. Francis, B. G. Carpenter* and *Allen, Moser & Marsalek* **for** appellant.

948

*Foristel, Mudd, Blair & Habenicht* for respondent.

FERGUSON, C.—Plaintiff brought this action against Rolla Wells, receiver of the United Railways Company to recover damages for personal injuries alleged to have been caused by the negligence of defendant receiver, his agents and servants, in the operation of a street car in the city of St. Louis. During the pendency of the action the St. Louis Public Service Company was made a defendant and plaintiff filed an amended petition upon which the case was tried. At the close of the evidence the cause was dismissed, on stipulation of counsel, as to defendant Wells, receiver. There was a verdict and judgment for plaintiff in the sum of $8000 and defendant, St. Louis Public Service Company appealed.

The amended petition, after formal allegations as to the appointment of the receiver and his operation of the street railways of the United Railways Company, the subsequent acquisition of said properties by appellant and its obligation for the payment or discharge of injury and damage claims arising out of and during the management thereof by said receiver, alleges: "that on the 18th day of October, 1926," plaintiff "was a passenger on one of defendant Wells' westbound Cass Avenue line street cars, and that said car stopped at the usual and customary stopping place at St. Louis Avenue and Kingshighway and that plaintiff alighted from said car at the rear exit thereof and was walking southwardly around and in close proximity to the rear end of said car and that plaintiff's foot came in contact with a wire, chain or rope, or similar thing, which was then and there attached to and dangling from the lower portion of the rear end of said street car, and that said car started forward, jerking said wire, chain or rope, or similar thing, with it, and thereby causing plaintiff to be thrown with great force and violence to the street there, as a direct and proximate result of the

negligence of defendant Rolla Wells, his servants and agents, directly causing plaintiff to sustain the following injuries.'' The words "or similar thing,'' where same occur, were inserted by interlineation at the close of the evidence, with leave of the court, so that the allegations of the petition would conform to the proof. The answer of the defendant, St. Louis Public Service Company was a general denial. Plaintiff invoked and relied upon the aid of the *res ipsa loquitur* rule to make a prima facie case. The trial court having overruled defendant's demurrer to the evidence offered at the close of plaintiff's case defendant stood on the demurrer, offered no evidence, and here, as appellant, claims that under the evidence the *res ipsa loquitur* rule is not applicable, that without the aid of the rule a prima facie case was not made, and therefore a submissible case was not made out by the evidence and assigns as error the action of the court in overruling its demurrer to the evidence and in giving plaintiff's Instruction 1, which proceeds on the theory that the facts therein hypothesized, if found, are sufficient to raise a presumption or inference of negligence on the part of defendant under the *res ipsa loquitur* rule.

The only testimony as to the cause and manner of the injury was that of respondent. By quotations from respondent's testimony we undertake to reproduce his statement of the occurrence in the light most favorable to his theory. Respondent, Gallagher, was a passenger on one of defendant's westbound Cass Avenue street cars. The street car having arrived and made the customary stop at St. Louis Avenue and Kingshighway, which was respondent's destination, he alighted, in safety, from the car. On his direct examination respondent stated the subsequent events as follows: "When I got off the car I alighted from the back end. The car was standing still. I was facing north. I turned and walked in back of the car to cut across. I walked south. I walked a foot or so from the rear end of the car. When I was about the center of the track I stepped on something with my right foot. The car started and I went down. The jerk knocked me down. When I was thrown to the street I was looking ahead. After I fell I looked in the direction of the car and saw something dangling on the back end of that car.'' "Q. Tell us the best you can what this appeared to be? A. I couldn't describe what it was. Q. Describe it the best you can. A. The impression was when I stepped on it—it felt to me like wire or rope or something of that sort. Q. As you saw this something dangling on the rear of the car, were you still in the street? A. Yes, sir. Q. Was the car moving away from you? A. Yes, sir. Q. State what happened to the object to which you refer as 'somthing dangling from the car?' A. It went west with the car. I watched it for about a hundred feet and it went out of my sight. It only took a moment or so to get out of my sight. Q. Did you make any examination

of that area of the street in which you were walking? A. I looked around and I couldn't see anything I could stumble over.'' The following is from the redirect examination: ''Q. This object that was dragged from under your foot, did you see it before you stepped on it? A. No, sir. Q. Did you see this thing afterwards? A. I saw it after the car started away. I looked around. Q. What was it? A. From the appearance it looked like a heavy wire, chain or rope or something similar to that. Q. Where was it when you saw it? A. It was going with the car. Q. Could you tell after you saw it going with the car what it was anymore than when you first saw it? A. No, sir. Only it looked like it was dangling and hitting the bricks on the street. Q. What part of the car did you see it going with? A. It was the lower part of the car. Q. Do you know what part of the car it·was attached to? A. That I couldn't say. I couldn't see that.'' Respondent fixed the time as ''between half past six and seven o'clock P. M., in October'' and stated that; ''It was getting dark'' and that the lights on the car and the street lights were burning. There is no testimony identifying the particular street car involved or the employees in charge or indicating that defendant's employees knew that plaintiff fell in the street or that such employees had either actual or constructive knowledge that the car was dragging some object.

██ The relation of passenger and carrier terminated when respondent alighted from the street car in safety upon the street and as he moved away from the place of landing and walked around the rear of the street car his status was that of a traveler upon the street and the same as any other pedestrian. [Lacks v. Wells, 329 Mo. 327, 44 S. W. (2d) 154.] In this connection respondent states in his brief: ''It is immaterial to the issue here—the application of the rule of *res ipsa loquitur,* whether the relation of passenger and carrier continued to, or had terminated before, plaintiff's injury. Whether that relation continued or had terminated would be material only to the degree of care owing by defendant to the plaintiff.'' We think, under the facts of this case, respondent's conclusion that the status of the plaintiff at the time of the injury affects only the degree of care involved but does not determine the question of whether the *res ipsa loquitur* rule applies, is correct.

██ It may be conceded that had the evidence tended to show that appellant's street car was being operated upon the streets dragging a wire, rope, chain or some such appendage or attachment along the street in such manner as to be a source of danger to persons rightfully upon the streets; that respondent was injured by coming into contact with such attachment under the circumstances detailed and that defendant's employees had actual notice or the attachment had been so dragged for a sufficient length of time that by the exercise of due care they would have discovered it, a prima facie case of

negligence would have been made out. This would be true whether the attachment had been placed there by another without appellant's knowledge or had been fortuitously picked up by the car. A showing that the employees of the street railways company failed to remove the attachment and permitted it to be dragged along the street endangering travelers upon the street after such employees knew or by the exercise of proper care could have discovered and removed it, would make out a prima facie case of negligence. [La Fond v. Detroit Citizens' Street Ry. Co., 131 Mich. 586, 92 N. W. 99; McCaffrey v. Street Railroad Co., 47 Hun (N. Y.) 404.] Such however is not the theory of this case.

: . As we understand, plaintiff contends that the evidence which we have set out supra, is sufficient to warrant an inference that some part, appliance or accessory connected with and pertaining to the street car had become broken, loosened, dislodged or out of place so that same dragged upon the street and that such a condition and situation warrants the application of the *res. ipsa loquitur* rule and an inference or presumption that such defective condition was the result of or due to some negligence on the part of defendant and thus a prima facie case is made. This theory excludes the necessity of plaintiff bringing forward proof of facts or circumstances tending to show notice, either actual or constructive, to appellant's employees of the existence of such condition. It is claimed that the fact that some part of an instrumentality (in this instance the street car) owned and operated by appellant and under its exclusive management and control, was displaced and down upon the street affords reasonable evidence, in the absence of explanation by appellant, that such condition resulted from want of proper care on the part of appellant.

As pointed out respondent's case is predicated upon the assumption that his testimony is sufficient to support and warrant a finding of fact that the undefined object which was being dragged by the car was some part of the street car connected with and pertaining to its operation. Is there substantial evidence in the record from which such inference may be legitimately drawn? Respondent could not identify the trailing object. On direct examination he testified as to an impression that it was a wire or rope. Later on redirect examination he stated that it had the appearance of "a heavy wire, chain or rope or something similar to that."

Such was the impression gained from a momentary glimpse of the object as the car moved away. Respondent argues that from the lone fact that this unidentified object was in some manner attached to the lower part of the car and was being dragged by the car a reasonable inference arises that it was some "part of the car." There are no other related facts or circumstances with which this fact can be consistently co-ordinated so that the evidence on that point may

be said to tend circumstantially to establish that the dragging object was some part of the car or something having to do and connected with the operation of the car or was an appliance or any part of the equipment of the car. The respondent must have known at least in a general way the type of street car involved but no evidence whatsoever is found in the record that either wires, chains or ropes are any part of the equipment of a street car of this or any other type or that any such appliance is attached to or in use upon street cars and therefore might have become loose, broken or unfastened. In the absence of any proof tending to so much as show the existence or use upon street cars of some such thing as that described by respondent which would suggest at least the probability that the dragging object was such thing it is necessary to go outside the evidence and into the realm of conjecture and speculation, for respondent's premise that the dragging object was some part of the street car. As an example of conjecture and surmise advanced by respondent to bolster the inference he attempts to make it is said: ''Had some part of the running gear of the car become broken, or disarranged, and temporarily tied up or made secure by this rope, chain or wire.'' The suggestion in a form of a question rests purely in conjecture and speculative possibilities without anything in the evidence from which it might be deduced as a probability. Respondent cites Brindley v. Wells, 308 Mo. 1, 271 S. W. 48; Brown-Scott v. Davis, 216 Mo. App. 530, 270 S. W. 433; and Burns v. United Railways Company, 176 Mo. App. 330, 158 S. W. 394. In the Brindley case the plaintiff was a passenger on defendant's street car. In alighting therefrom the heel of her left shoe was, in some manner, caught and held by a step which was a part of the platform of the car. The heel was torn from her shoe causing her fall to the street. This occurred upon the platform or step of defendant's car. This court said: ''It was the duty of the defendant to use the highest degree of care to have its platform and steps in such condition that its passengers could safely pass over them in alighting from its car. Under the facts there was some condition upon that platform . . . which caught the heel of the shoe . . . thereby causing the fall. The facts made a case of presumptive negligence, and the defendant was called upon by evidence to rebut such presumption.'' The plaintiff in the Brown-Scott case was struck by a piece of timber or lumber protruding, as the writer understands that case, from a freight car loaded with lumber which was being hauled in defendant's passing freight train. The opinion in the Burns case points out facts and circumstances appearing in the evidence tending to show, and from which it could be reasonably inferred, not only that the undefined object which struck plaintiff was physically attached to the passing street car but that it ''had some connection with the car,'' was ''something pertaining to the car'' and that ''certainly something

had gone wrong with respect to the car." ■ The evidence, in the instant case, tends rather to indicate that the thing which was being dragged behind the car was something entirely foreign to the car itself and being such it is a probable inference, appellant argues, that it had been fortuitously picked up from the street or had become in some manner attached to, and was being dragged by, the car without knowledge, either actual or constructive, of its employees. But it was incumbent upon respondent, as plaintiff, in the first instance, to prove a state of facts to which the *res ipsa* rule applies or which brings that rule into action (Nelson v. C. Heinz Stove Co., 320 Mo. 655, 8 S. W. (2d) 918) and until plaintiff discharges that burden he fails to make a prima facie case and no burden of explanation is cast upon the defendant. Respondent's case is fatally deficient in that the evidence fails to show either by direct testimony or reasonable and legitimate inference from established facts or circumstances that the dragging object was some part of the car or something pertaining to the car and therefore a state of facts was not made out which invokes the *res ipsa loquitur* rule. It follows that appellant's demurrer to the evidence should have been sustained and the trial court erred in overruling same.

The judgment of the circuit court is reversed. *Sturgis, C.,* dissents; *Hyde, C.,* concurs.

PER CURIAM:—The foregoing opinion by Ferguson, C., is adopted as the opinion of the court. All of the judges concur, except *Hays, J.,* not voting, because not a member of the court at the time cause was submitted.