Thomas A. McCARTY, Plaintiff,

v.

Charles A. HOSANG, Jr., and Allen C. Key, Defendants.

No. 1502.

United States District Court
W. D. Missouri, S. D.

Sept. 30, 1957.

I. L. Kraft, Kansas City, Mo., for plaintiff.

Mann, Walter, Powell & Burkart, Springfield, Mo., for defendant Key.

Allen, Woolsey & Fisher, Springfield, Mo., for defendant Hosang.

R. JASPER SMITH, District Judge.

Plaintiff alleges in his complaint that on August 17, 1956, he was operating his automobile upon U. S. Highway 66, a public highway in Laclede County, about two miles east of Conway, Missouri; that preceding plaintiff on the highway was the automobile of defendant Key; that defendant Key negligently allowed luggage to fall upon the highway from a luggage carrier attached to the top of his car; that plaintiff thereby was compelled to stop and immediately thereafter was struck from the rear by defendant Hosang's automobile.

Plaintiff's complaint alleges against defendant Hosang acts of specific negligence, but against defendant Key it attempts to assert a claim predicated upon the doctrine of res ipsa loquitur. Paragraph 2 of the complaint states that defendant Key negligently and carelessly allowed the luggage upon his automobile to become disengaged and fall upon the highway, thereby creating a dangerous and hazardous condition for travelers on the highway; that defendant Key's automobile and all parts thereof including the luggage was under defendant Key's exclusive care, control and management; that defendant Key possesses superior knowledge as to the cause of this unusual occurrence; and that the casualty occurred without fault of plaintiff.

Defendant Key moves to strike practically the entire Paragraph 2 of plaintiff's petition for the reasons that it is immaterial and impertinent, and under the allegations of the petition the res ipsa loquitur doctrine cannot be invoked by plaintiff against him. The issue raised by the motion to strike is the applicability of the doctrine of res ipsa loquitur to defendant Key.

■ The doctrine is well recognized in almost all jurisdictions, and is firmly established in Missouri. Cruce v. Gulf, Mobile & Ohio R. Co., 358 Mo. 589, 216 S.W.2d 78; Pandjiris v. Oliver Cadillac Co., 339 Mo. 711, 98 S.W.2d 969; Zichler v. St. Louis Public Service Co., 332 Mo. 902, 59 S.W.2d 654; Carroll v. May De-partment Stores Co., 237 Mo.App. 981, 180 S.W.2d 793; Brown v. St. Louis County Gas Co., Mo.App., 131 S.W.2d 354; Hart v. Emery, Bird, Thayer Dry Goods Co., 233 Mo.App. 312, 118 S.W.2d 509; Glossip v. Kelly, 228 Mo.App. 392, 67 S.W.2d 513; and others. These cases enunciate the doctrine that, where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such that in the ordinary course of things it does not happen if those who have its management and control employ proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care. This statement of the rule is based upon the oft-quoted expression of Chief Justice Erle in 1865 in the early English case of Scott v. London & St. Katherine Docks Co., 3 H. & C. 596, 601 Eng.Rep. 665.

■■ In order that the doctrine of res ipsa loquitur may apply, plaintiff must present sufficient proof of the existence of the elements necessary to bring the doctrine into operation. Charlton v. Lovelace, 351 Mo. 364, 173 S.W.2d 13; Gallagher v. St. Louis Public Service Co., 332 Mo. 944, 59 S.W.2d 619; and Nelson v. C. Heinz Stove Co., 320 Mo. 655, 8 S.W.2d 918. The elements usually stated as necessary for the application of the doctrine are (1) the accident must be of such a nature that it ordinarily would not have occurred in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff. Another element held to be necessary in some jurisdictions is the requirement that the defendant possesses superior knowledge or means of information as to the cause of the occurrence. Carter v. Skelly Oil Co., 363 Mo. 570, 252 S.W.2d 306; Welch v. Thompson, 357 Mo. 703, 210 S.W.2d 79; Cantley v. Missouri-Kansas-Texas R. Co., 353 Mo. 605, 183 S.W.2d 123; Gibbs v. General Motors Corporation, 350 Mo.

431, 166 S.W.2d 575; Lober v. Kansas City, Mo., 74 S.W.2d 815; and others.

The allegations in plaintiff's complaint comply with these elements. However, defendant Key contends that the doctrine cannot apply as to him under the present status of plaintiff's complaint because all of the instrumentalities involved and which allegedly contributed to the cause of plaintiff's injury were not under his management and control. Defendant Key's reference here is of course to defendant Hosang's automobile.

Research fails to disclose any Missouri case similar factually to the case here. Plaintiff pleads the application of res ipsa loquitur as to one of two defendants where the alleged circumstances are such as to show a probability that both of them were negligent; while as to the other defendant, he pleads specific negligence. Plaintiff unquestionably proceeds against both defendants as joint tort-feasors.

■ Where either one of the two defendants wholly independent of each other may be responsible for the injury complained of, obviously the doctrine of res ipsa loquitur cannot be applied. Estes v. Estes, Mo.App., 127 S.W.2d 78. However, there is no reason why the doctrine may not be availed of as against plural defendants who are, under the circumstances alleged, joint-tortfeasors.

■ Carrying this principle one step further, I cannot conceive why plaintiff's invoking specific negligence against one defendant in the operation of one of the alleged injuring instrumentalities should necessarily preclude him from invoking the doctrine of res ipsa loquitur against the other defendant on the basis of his exclusive possession and control of the other alleged injuring instrumentality. I do not believe that the mere fact that a joint-tortfeasor is involved should limit plaintiff in his use of a doctrine which the law affords him. It must be remembered that res ipsa

loquitur is nothing more than a form of circumstantial evidence; Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001; it is a rule of evidence, rather than a rule of pleading, or of substantive law. Brown v. St. Louis County Gas Co., supra; Zichler v. St. Louis Public Service Co., supra.

The Supreme Court of Missouri lends support to the above position in Zichler v. St. Louis Public Service Co. [332 Mo. 902, 59 S.W.2d 658]:

"As such doctrine is largely founded on necessity, in order to enable a plaintiff to make a submissible case when otherwise he would not be able to do so because of his inability to know or ascertain the facts and because of the superior knowledge of the facts being in the other party, we see no logical reason why this doctrine should not apply to a tort-feasor where this relation does exist, merely because another possible tort-feasor is joined as a defendant. A plaintiff should not be compelled to confine his action to one tort-feasor only in order to be accorded the rights which the law gives him. The negligent acts of each defendant, in order to make a joint liability, must, of course, be concurrent and contribute to plaintiff's injury, but they need not, and generally are not, identical. The proof of one may be quite different from the proof of the other."

These general principles are difficult to apply at this stage of the litigation when the Court has before it only fragmentary pleadings. It may be that after presentation of proof, plaintiff will be compelled to alter the theory of his action. For the present, it appears that the issue of the propriety of the application of the res ipsa loquitur doctrine is premature.

For the foregoing reasons, defendant Key's motion to strike is overruled. It is so ordered.