Morton Y. ROSENBERG, Lawrence M. Berkowitz, Donald H. Chisholm, John C. Noonhan, Howard H. Mick, Trustees of the Ryland, Stinson, Mag, Thomson trust, Assignees of the Partnership Stinson, Mag & Fizzell, Prudential Insurance Company of America, a corporation, Home Insurance Company, a corporation and Federal Insurance Company, Appellees,

v.

PRITCHARD SERVICES, INC., Appellant.

No. 84–2342.

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1985.

Decided Oct. 1, 1985.

Rehearing and Rehearing En Banc Denied Nov. 7, 1985.

Joseph A. Sherman and E. Wayne Taff, Kansas City, Mo., for appellant.

Glenn E. McCann, Kansas City, Mo., for appellee.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and HARRIS,* District Judge.

LAY, Chief Judge.

On May 23, 1977, a fire broke out on the 20th floor of an office building in Kansas City, Missouri, damaging various items of real and personal property, leasehold improvements, and fixtures located on several floors of the building. Tenants of those floors, the insurers of other tenants, and the owner of the building brought suit against Pritchard Services, Inc. (Pritchard), the building cleaning service, to recover their losses sustained by the fire. The plaintiffs alleged that Pritchard, through its employee, Emma Lawrence, negligently emptied ashtrays into a burlap trash sack containing flammable waste, and that Lawrence's negligence had proximately caused

the fire. In the alternative, the plaintiffs sought recovery based on the doctrine of res ipsa loquitur.

The district court concluded, after a nine day bench trial, that negligence could be inferred under the doctrine of res ipsa loquitur and awarded $914,265.68 in damages. On appeal, the defendant argues that res ipsa loquitur was improperly applied under the facts of this case, and that the evidence did not support imposition of certain items of damages. We affirm.

The district court found that Lawrence did, at least on occasion, empty ashtrays directly into her trash sacks. Although she denied at trial that she engaged in this practice, she did testify in deposition that she did empty ashtrays directly into the sacks. Two other witnesses who worked in the building also testified that they had observed Pritchard employees putting the contents of ashtrays directly into their sacks. There was no direct evidence, however, that Lawrence had emptied ashtrays into her sack on the evening of the fire.[1]

The district court did find, though, that the fire originated in Lawrence's trash cart. This finding was supported by Lawrence's testimony concerning the cleaning routine she followed that evening and police and plaintiffs' investigators' testimony determining the origin of the fire. The investigators' analysis of the path of the fire and the fire damage pattern traced the origin of the fire to the point where Lawrence stated she last parked her cleaning cart. Their investigation further revealed no evidence suggesting that the fire had been deliberately set, had been caused by electrical malfunction, or that a separate and unconnected fire had broken out. The testimony of other employees in the building also established that, although the security system in the building would permit

---

* The HONORABLE OREN HARRIS, Senior United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

1. Two police investigators testified that Lawrence had told them when interviewed the day after the fire that she had emptied the ashtrays directly into the trash that night. This testimony was deemed admitted for impeachment purposes only, however, and was not considered as substantive evidence of Lawrence's conduct that night.

unknown persons to enter after hours, no strangers had been seen in the building that evening. No signs of forcible entry had been discovered by the plaintiffs' investigator, either.

Three qualified experts, two police investigators and the plaintiffs' private investigator, were asked at trial whether they had formed an opinion as to the cause of the fire. Two of the three witnesses were asked their opinions based on hypothetical questions which assumed that Lawrence had emptied ashtrays into her sack on the night of the fire. The third witness testified to the cause of the fire taking into consideration statements to the same effect made to him by Lawrence later excluded as inadmissible hearsay. Each witness stated that it was his opinion that the only reasonable explanation for the cause of the fire was ignition of the waste in the cart by unextinguished smoking materials. Defendant made a motion to strike this testimony, arguing that there was insufficient foundational evidence to support the assumption that Lawrence had emptied ashtrays into the waste sack. The defendant further contended that this testimony was irrelevant to proof of negligence by res ipsa loquitur, the theory on which the plaintiffs had urged the court to decide the issue of negligence. Their motion to strike this testimony was sustained on the ground that the testimony was irrelevant to a showing of res ipsa.

The district court, in concluding that the defendant had negligently caused the plaintiffs' losses, held that the doctrine of res ipsa loquitur was applicable under the facts and circumstances of this case, and that the plaintiffs had sufficiently proved each of the necessary elements to support a finding of negligence under the doctrine. The defendant vigorously disputes both of these conclusions. It maintains that because evidence of specific negligence was introduced at trial, res ipsa loquitur could not be relied upon as a basis for inferring its negligence. It further argues that, even if res ipsa could be raised as a proper theory of decision, the plaintiffs had failed

to prove facts sufficient to invoke the doctrine.

**Res Ipsa Loquitur**

In support of its first argument, defendant relies on the Missouri rule that when a plaintiff shows the real or precise cause of an injury by direct evidence, negligence may not be inferred by res ipsa. *Rea v. St. Louis-San Francisco Railway Co.,* 411 S.W.2d 96, 99 (Mo.1967); *Williams v. St. Louis Public Service Co.,* 363 Mo. 625, 633, 253 S.W.2d 97, 102 (1952); *see also Racer v. Utterman,* 629 S.W.2d 387, 397 (Mo.Ct. App.1981).

██ The defendant argues that certain testimony adduced at trial conclusively demonstrated that the fire was caused by Lawrence's negligent disposal of the contents of ashtrays and thus that it was error for the district court to infer negligence based on res ipsa loquitur, placing considerable reliance on the testimony of the three expert witnesses. This opinion testimony was, however, stricken from the record and therefore was not in evidence at all. Moreover, in cases tried to the court, it is presumed that the court disregarded all incompetent evidence. *Montgomery Ward & Co. v. Steele,* 352 F.2d 822, 830 (8th Cir. 1965); *see Manning v. Jones,* 349 F.2d 992, 996 (8th Cir.1965). Contrary to defendant's assertion, there is no suggestion that the district court relied on this testimony in any way in reaching its decision so as to defeat that presumption.

██ There is no question that the court's ruling excluding this testimony was proper. After carefully weighing the evidence bearing on whether Lawrence did or did not empty ashtrays in this manner, the court found only that she did so on occasion. We do not disturb that finding on this review, and conclude that the hypothetical question addressed to two of the experts, which assumed a great deal more, was improper, justifying the district court's striking of their testimony. Similarly, the third expert witness relied on statements made by Lawrence which were subsequently ruled inadmissible. His testimony was therefore also without proper foundation and properly ex-

cludable. Whether the district court used the right reason for striking the testimony is immaterial; the fact remains that the evidence was excluded and the district court did not rely on it.

We further observe that, even if this evidence had been admitted, the specific act of negligence causing the fire would still have been in sufficient doubt to permit the doctrine of res ipsa loquitur to be applied. A high threshold of proof of specific negligence is required to prohibit reliance on res ipsa, as the Missouri Court of Appeals has announced:

> First, even though a plaintiff's evidence may tend to show the specific cause of the accident, he will nevertheless not lose the benefit of the res ipsa loquitur doctrine, nor be deprived of the right to rely on it in the submission of his case, if, after the evidence is in, the true cause is still left in doubt or is not clearly shown. *White v. St. Louis Public Service Co.,* 364 Mo. 111, 118, 259 S.W.2d 795, 799 (banc 1953); *Wells v. Asher,* supra, 286 S.W.2d at 569 and cases collated n. 3. Second, a plaintiff may not be denied the benefit of the res ipsa loquitur doctrine merely because the evidence would support a verdict in his favor based upon specific negligence which could be *inferred* from the plaintiff's evidence without the aid of the res ipsa loquitor doctrine. *White v. St. Louis Public Service Co.,* supra, 364 Mo. at 118, 259 S.W.2d at 799; *Williams v. St. Louis Public Service Co.,* supra, 363 Mo. at 633, 253 S.W.2d at 101–102.

*Fields v. Berry,* 549 S.W.2d 122, 125 (Mo. Ct.App.1977) (emphasis in original).

As the district court noted in its memorandum opinion, Lawrence gave conflicting accounts of her practice in emptying ashtrays, which that court resolved by concluding that Lawrence did empty ashtrays directly into her trash bag on occasion. These conflicting accounts included her deposition testimony that she did empty ashtrays directly into her trash sack, testimony substantially identical to the evidence, subsequently excluded, supporting

the testimony of the three expert witnesses. Under these circumstances, we cannot conclude that the district court would have weighed the evidence on this issue any differently had the experts' testimony been admitted. Lawrence's specific negligence would, therefore, yet have to be inferred from the plaintiff's evidence. Under the second tenet of the rule set forth in *Fields,* then, even if the testimony of the expert witnesses had been admitted and considered by the district court, res ipsa would not have been precluded as a theory of decision.

It remains to be decided, however, whether the district court properly determined that the plaintiffs had sufficiently proved the necessary elements of res ipsa. Under Missouri law the doctrine of res ipsa applies when (1) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (2) the instrumentalities involved were under the management and control of the defendant; and (3) the defendant possesses superior knowledge or means of information as to the cause of the occurrence. *Bass v. Nooney Co.,* 646 S.W.2d 765, 768 (Mo.1983). The defendant contends that the plaintiffs failed to present sufficient evidence to satisfy the first two elements.

It is true, as defendant suggests, that the Missouri courts have expressed caution in applying the doctrine of res ipsa loquitur in fire cases. *See e.g. McGowen v. Tri-County Gas Co.,* 483 S.W.2d 1, 3 (Mo.1972); *Kansas City Stock Yards v. A. Reich & Sons,* 250 S.W.2d 692, 700 (Mo.1952); *Kapros v. Pierce Oil Corp.,* 324 Mo. 992, 1002, 25 S.W.2d 777, 781 (1930). However, this concern has not been translated into a legal bar to applying the doctrine in such a case. Rather, while the bare fact that a fire occurred will not suffice to raise an inference of negligence under res ipsa, the doctrine may be used to establish negligence "where * * * the circumstances under which the fire originated and spread are such as to show that defendant or his [sic] servants were negligent in connection therewith." *Gateway Chemical Co. v.*

*Groves,* 370 S.W.2d 302, 304 (Mo.1963) *quoting Kapros,* 324 Mo. at 1002, 25 S.W.2d at 781.[2] Proof of these circumstances, in turn, satisfies the first element required to give rise to the res ipsa inference of negligence.

■ We agree with the district court that such circumstances were sufficiently demonstrated in the case before us. The district court concluded that the facts regarding the fire were "such as to make it more likely than not that the occurrence was the result of someone's negligence." The court first stated that the original source of the fire was the trash cart, and observed that, in its view, a trash cart like the one involved here and under these circumstances was not likely to catch fire absent someone's negligence. The defendants urge it is conceivable that a passerby may have set the trash cart on fire either intentionally or negligently; however, the circumstantial evidence that Lawrence disposed of an unextinguished cigarette into her trash sack more than reasonably supports the district court's conclusion. That some other set of facts could be posited consistent with the evidence as to the cause of the fire does not defeat the reasonableness of the district court's inference. *See Parlow v. Dan Hamm Drayage Co.,* 391 S.W.2d 315, 322 (Mo.1965) (not necessary that facts exclude every possible hypothesis except for defendant's negligence).

■ The defendant further asserts that under Missouri law, recovery on a res ipsa theory has only been permitted in fire cases where the instrumentality was a known fire source, or where the instrumentality was shown to be the actual cause of the fire. Our analysis of these cases does not persuade us, however, that this is a correct reflection of Missouri law. Many of the cases cited in support of this contention involved inflammable materials. *See e.g. Chrystal Tire Co. v. Home Service Oil*

*Co.,* 465 S.W.2d 531 (Mo.1971) (gasoline); *Gateway Chemical Co.,* 370 S.W.2d at 303 (acetylene torch); *Kansas City Stock Yards Co.,* 250 S.W.2d at 694 (welding torch); *Carter v. Skelly Oil Co.,* 363 Mo. 570, 252 S.W.2d 306 (1952) (gasoline). However, to the extent that the courts noted that a known fire source was involved, that fact militated against the application of res ipsa, rather than being a prerequisite for it as the defendant contends. *See e.g. Craddock v. Greenberg Mercantile,* 297 S.W.2d 541, 547 (Mo.1957); *Hendricks,* 183 S.W.2d at 76; *Kapros,* 324 Mo. at 1002, 25 S.W.2d at 781.

Nor do the cases support defendant's conclusion that res ipsa may only be applied when the instrumentality involved was the actual source of the fire. *See e.g. Carter,* 252 S.W.2d at 309 (plaintiff may not be expected to know the exact cause of the precise negligent act producing the occurrence). Indeed, this proposed limitation would in effect prohibit the availability of res ipsa in fire cases, since proof of actual cause eliminates the theory from consideration.

The defendant also contends that the district court erred in concluding that the trash cart and its contents were under defendant's exclusive management and control. It argues that since other persons had access to the area where the fire started, this element of res ipsa loquitur was not proved, and further contends that the building engineer, an employee of the plaintiffs, had joint control over the cart.

The district court addressed both of these arguments below. As to the first, the court correctly observed that the underlying basis for the "control" element is simply that a fact finder be able to infer that the negligence in question was, more likely than not, the defendant's. *Parlow,* 391 S.W.2d at 321. Neither this principle

---

**2.** The Missouri courts have long stressed the necessity of proving the attendant facts and circumstances surrounding a fire to lay a foundation for a res ipsa case. *See e.g. Hendricks v. Weaver,* 183 S.W.2d 74, 76 (Mo.1944). The plaintiff in a fire case, then, must tread a nar-

row path indeed in presenting sufficient proof of specific negligence to come within the res ipsa rule, but not at the same time presenting so much that res ipsa is no longer available as a theory of liability. This was precisely the dilemma presented to these plaintiffs in this case.

nor the case law suggests that a plaintiff must show that the entire area surrounding the originating point of the fire was under the defendant's control. Such a showing, at most, merely buttresses the necessary proof of defendant's control over the instrumentality. *See McGowan*, 438 S.W.2d at 5; *Carter*, 252 S.W.2d at 309. Again, while a hypothetical stranger could have been in the area and could have set fire to the cart, to draw such an inference in light of the established facts would be to engage in the sort of speculation and conjecture the res ipsa rule itself is intended to prevent. Thus, we agree that the evidence in this case reasonably supports the district court's conclusion that the cart and its contents were sufficiently under the defendant's control to warrant an inference that appellant was negligent.[3]

Finally, defendant contends that a distinct element to be proved in a res ipsa case is that the occurrence not be due to voluntary action or contribution on the part of the plaintiff, *see McCarty v. Hosang*, 154 F.Supp. 852 (W.D.Mo.1957), and that the plaintiffs did not contribute to the occurrence. Even assuming that lack of contribution is an independent element, *contra Bass*, 646 S.W.2d at 768 (reciting res ipsa elements); *see Kapros*, 324 Mo. at 1003, 25 S.W.2d at 782 (contribution to hazard considered in conjunction with element of exclusive control), we do not disturb the conclusion of the district court that "the sparsely developed proof on this subject would not permit ... a finding of negligence on any plaintiff's part in any event." As noted by the district court, the only evidence supporting a contrary finding was the testimony of a receptionist employed by one of the plaintiffs, and the building engineer, that each had at some point observed cleaning personnel emptying ash trays into their trash sacks. Just as neither of these persons could be said to have had joint control over the defendant's employees,

they cannot be said to have breached a duty of care in failing to direct the conduct of those employees so as to defeat the application of res ipsa or to hold the plaintiffs contributorily negligent as a matter of law. Thus, we hold that the district court did not err in concluding that the defendant was negligent under the doctrine of res ipsa loquitur.

**Damages**

■ Pritchard also disputes the sufficiency of the evidence to support $176,-137.25 of the total $914,265.68 damage award. Defendant claims that the trial court erred in awarding the plaintiffs $112,-393.34 for certain office furnishings, and $15,437.22 for other personal property, arguing that the district court lacked sufficient evidence for calculating the value of those items. While we agree that the testimony introduced at trial was less than definite as to the value of this property, we cannot conclude that the district court abused its discretion in inferring these amounts from the evidence presented. Nor do we disturb the district court's award of $48,306.69 for the loss of use of personal property. Defendant's suggestion that these damages are not permitted under Missouri law is without merit, and we discern no abuse of discretion in the district court's determination of the reasonableness of the period of time allowed for repair. We, therefore, affirm the district court's measurement of damages.

Judgment affirmed.

McMILLIAN, Circuit Judge, dissenting.

I respectfully dissent. In my opinion, the plaintiffs introduced evidence of specific negligence on the part of the defendant that was the real or precise cause of the fire. Consequently, the district court incorrectly relied upon the doctrine of res ipsa loquitur. I would reverse and remand the

---

**3.** Similarly, the defendant urges that there was joint control established due to the building engineer's duty to inspect anything hazardous. The district court found that the engineer did not exercise such control over the trash sack.

This finding of fact is based upon the court's inference from the overall evidence and weighing the credibility of the witness. It is not clearly erroneous.

case for new trial on the issue of liability only.

I agree with the majority opinion's analysis of the damages issue. If the factfinder found in favor of the plaintiffs on the issue of liability on remand, I would then affirm the judgment of the district court.