# ADOLPH REMOVICH Appellant, v· BAMBRICK BROTHERS CONSTRUCTION COMPANY.

### Division Two, February 23, 1915.*

1. **PLEADING: Motion to Make More Definite: Refusal to Amend: Demurrer.** If the ruling of the court sustaining defendant's motion to require plaintiff to make his petition more definite and certain was correct, then, upon plaintiff's refusal to file an amended petition, the court's action in sustaining defendant's demurrer on the ground that the petition does not state a cause of action is also correct. But if the allegations amount to a sufficient statement of a cause of action, the sustaining of the demurrer is error.

2. ————: **Negligence: Master and Servant: Excavating Sewer: Break of Hoisting Cable.** .A petition charging that defendant was engaged in removing earth from the bottom of a large trench preparatory to building a sewer therein; that defendant used a hoisting machine for the purpose of lifting said earth, and after same had been lifted by steam power in buckets to the surface of the street said earth was conveyed in buckets by a carrier running upon a steel track to a point where said concrete sewer had been built into said trench, and there dumped upon said sewer thus laid, and thereby was used to fill up said trench above said sewer; that for the purpose of lifting said earth from the bottom of said trench defendant used large steel buckets to which were attached steel cables, which were pulled by steam power; that plaintiff was employed by defendant as a laborer to dig in the bottom of said trench and to fill up said· buckets; that while thus engaged and when one of said buckets over his head was being conveyed by said steam power, "by reason of the carelessness and negligence of defendant the steel cable attached to ·said bucket broke, causing said bucket to fall upon plaintiff, thereby inflicting a comminuted fracture of his arm," etc., does not state a cause of action of negligence under the law of master and servant.

3. ————: ————: ————: ————: ————: **Res Ipsa Loquitur.** The petition cannot be held, under the doctrine of *res ipsa loquitur,* to state a cause of action of negligence on the master's part, if it states nothing more than the fact that the steel cable broke and the bucket fell and the servant was thereby hurt. The presumption of the master's negligence cannot be held to arise from the mere fact that an accident happened and an allegation of its bare physical cause, wholly unaided by any circumstance tending to show any negligent act of either omission or

*NOTE.—Decided January 4, 1915; motion for rehearing filed; motion overruled February 23, 1915.

commission on the part of the master, as the responsible human cause of the accident. A prima-facie case for the servant is not, as a rule, made out, either in pleading or in proof, by the mere fact of accident and the consequent injury to h'm resulting therefrom. It cannot be stated dogmatically that the doctrine of *res ipsa loquitur* is never applicable as between master and servant; for there are isolated occurrences which of themselves show they must have happened from a negligent cause chargeable to the master. But where the accident concededly may have been produced from causes for which the master in law is not liable, it is plaintiff's duty to allege such affirmative facts as show it was due to some omission of duty which the law imposes on him to provide safe tools and a safe place at which his servant is to work.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock*, Judge.

AFFIRMED.

*Joseph A. Wright* for appellant.

(1) The doctrine of *res ipsa loquitur* applies in an action against the master for personal injuries sustained by the servant, where, as in the case at bar, the facts point to an omission of proper care, and the master has superior means of knowing the particular cause. 4 Labatt on Master and Servant (2 Ed.), par. 1601, and cases cited; Klebe v. Distilling Co., 207 Mo. 486, 13 L. R. A. (N. S.) 140; Turner v. Haar, 114 Mo. 346; Blanton v. Dold, 109 Mo. 74; Johnson v. Railroad, 104 Mo. App. 592; St. Clair v. Railroad, 122 Mo. App. 528; Sackewitz v. Biscuit Mfg. Co., 78 Mo. App. 151; Anderson v. Railroad, 149 Mo. App. 272; Lucid v. Powder Co., 199 Fed. 377; Byers v. Steel Co., 159 Fed. 347, 16 L. R. A. (N. S.) 214; Golden v. Mannex, 214 Mass. 502; Chiuccariello v. Campbell, 210 Mass. 532; Doherty v. Booth, 200 Mass. 522; Sullivan v. Rowe, 194 Mass. 500; Armour v. Golkowska, 202 Ill. 144; Howard v. Railroad, 179 Ill. App. 380; Chenall v. Brick Co., 117 Ga. 106; Robinson v. Gas Co., 106 N. Y. Supp. 1088;

Penson v. Wall Paper Co., 73 Wash. 338. (2) The petition alleges only general negligence, and therefore plaintiff is in a position to invoke the rule of *res ipsa loquitur.* Orcutt v. Building Co., 201 Mo. 441; Kirkpatrick v. Railroad, 211 Mo. 83; McGrath v. Transit Co., 197 Mo. 104.

*Holland, Rutledge & Lashly* for respondent.

The court did not err in sustaining defendant's motion to make the petition of plaintiff more definite and certain and subsequently it did not err in sustaining defendant's demurrer to plaintiff's petition. (a.) Because originally the petition of respondent did not state facts sufficient to constitute a cause of action, but merely stated the pleader's conclusion. (b.) Because the court below properly made an order on respondent to make his petition more definite and certain, because the doctrine of *res ipsa loquitur* has no application in a case of this kind. Oglesby v. Railroad, 177 Mo. 272; Klebe v. Parker Dist. Co., 207 Mo. 480; Fuchs v. St. Louis, 167 Mo. 620; Bohn v. Railroad, 106 Mo. 429; Patton v. Railroad, 179 U. S. 658; Railroad v. Barrett, 166 U. S. 617; Shandrew v. Railroad, 142 Fed. 320; Westinghouse v. Heinlich, 127 Fed. 92; Reilly v. Campbell, 59 Fed. 990; Ash v. Verlending, 154 Pa. St. 246; Stackpole v. Wray, 74 App. Div. (N. Y.) 340; Searles v. Railroad, 101 N. Y. 661; Dobbins v. O'Brien, 119 N. Y. 188; Mining Co. v. Kitts, 42 Mich. 35; Kepner v. Traction Co., 183 Pa. St. 24; Railway v. Campbell, 97 Ala. 147; Kaye v. Rob Roy Co., 51 Hun (N. Y.), 519; Starer v. Stern, 100 App. Div. (N. Y.) 383; Reid v. Railroad, 81 Ga. 694; Davidson v. Davidson, 46 Minn. 117.

FARIS, P. J.—Action for personal injuries on appeal from the circuit court of the city of St. Louis, which court having sustained a motion to make the be-

low petition more definite and certain, on plaintiff's refusal to do so, sustained defendant's demurrer thereto. Plaintiff has appealed in due form.

The petition, caption and merely formal parts, allegation of nature and permanency of injuries and prayer for judgment, omitted, is as follows:

"Plaintiff, by leave of court first obtained, files this, his amended petition, and for cause of action against defendant states that defendant is and was at all times hereinafter mentioned, a corporation duly organized and existing under the laws of the State of Missouri and engaged in construction work, and more particularly in digging for and building in a concrete sewer in the city of St. Louis, Missouri, at or near the intersection of Ashland and Arlington avenues, in said city.

"That on the 24th day of May, 1911, defendant was engaged in digging for and building in said sewer at or near said intersection, and for that purpose was then and there engaged in removing earth and soil from the bottom of a large trench preparatory to building said sewer therein; that defendant used a hoisting machine for the purpose of lifting said earth and soil from the bottom of said trench and after said soil and earth had been lifted by steam power in buckets to above the surface of the street, said soil and earth was then conveyed in said buckets by carrier running upon a steel track to the ground eastwardly from where said dirt was being removed and to a point where said concrete sewer had been built into said trench, and then and there said dirt was being dumped upon said concrete sewer thus laid and thereby used to fill up said excavation above said sewer.

"That for the purpose of lifting said earth and soil from the bottom of said trench, as aforesaid, defendant used large heavy steel or iron buckets to which were attached iron or steel cables, which said cables were pulled and drawn by steam power.

"That on said 24th day of May, 1911, plaintiff was employed by defendant as a laborer to dig in the bottom of said trench and to fill up said buckets; that at or about two o'clock on the afternoon of said 24th day of May, 1911, when plaintiff was thus engaged, and when one of said buckets over and above his head was being conveyed by said steam power, by reason of the carelessness and negligence of defendant, the iron or steel cable attached to said bucket broke, causing said bucket to fall upon the plaintiff, thereby inflicting a comminuted fracture of his right arm, inflicting a multiple fracture of his right leg, wrenching his left foot, fracturing three of his right ribs, and injuring his lungs."

The motion to make more definite and certain was specifically leveled at the last paragraph of the above petition. Since such motion was in proper form and no point is made thereon, we need not cumber the record with it. Upon the trial court's sustaining the motion to make more definite and certain, and upon plaintiff's neglect and refusal to do so, defendant, a few days thereafter, but at the same term, successfully demurred on the ground that the petition did not state facts sufficient to constitute a cause of action against defendant. Plaintiff refused to further plead and final judgment followed.

## OPINION.

It is plain that there is but one question in the case. We might discuss it from the point of view of the action of the court *nisi* in sustaining the motion to require plaintiff to make his petition more definite and certain; or it may be treated as alleged error arising from sustaining the demurrer to the petition. If the allegations of negligence were sufficient then the court erred in requiring plaintiff to make these

Pleading:
Negligence:
Master and
Servant:
Res Ipsa
Loquitur.

allegations more definite and certain. In discussing
the matter in issue we will then consider this point. We
are not called on to determine whether defendant, in
order to save the point for ruling, was required first to
move that the court order plaintiff to make his petition
more definite and certain, as a condition precedent to
demurring. Both points are in the case; a conclusion
reached upon either disposes fully of the other, and
we will therefore leave any mooted question of proce-
dure till a discussion shall become necessary and not
academic. But if the court *nisi* was right in sustaining
defendant's said motion and thereby impliedly order-
ing plaintiff to so amend his petition as to make it more
definite and certain, then upon plaintiff's refusal to
do so, it was proper to sustain the demurrer.

It is conceded by defendant that the question raised
turns upon the sufficiency of the last paragraph of
plaintiff's petition. It may even be said to be plain
that it turns upon whether one clause contained in this
paragraph, the same being the sole charge of negli-
gence in the petition, is sufficient to charge a master
with negligence under the law of master and servant.
This is the clause which contains the only specification
and the sole allegation of negligence to be found in the
petition, to-wit: "*By reason of the carelessness and
negligence of defendant.*"

Plaintiff contends that under the facts in this case
as they are set forth in the petition, i. e., *that the iron
or steel cable broke and the bucket fell and plaintiff
was hurt thereby,* it falls within the doctrine of *res ipsa
loquitur;* defendant insists that it does not. To this
contention, in the broad sense, in the last analysis, the
case resolves itself, involving the above doctrine in its
strict and distinctive interpretation which allows a pre-
sumption of negligence to arise from the mere fact that
an accident happened when coupled with the allegation
of its bare physical cause wholly unassisted by any
circumstances tending to show any fault of omission

or commission on the part of the master, as the responsible human cause of the accident in question.

This rule has long been applied to pleading negligence in personal injury suits for damages accruing to passengers on common carriers, and its sufficiency in such ordinary case has here become so well settled as to be no longer in question. [Dougherty v. Missouri R. R. Co., 81 Mo. 325; Furnish v. Railroad, 102 Mo. 438; Sharp v. Kansas City Cable Ry. Co., 114 Mo. 94; Clark v. Railroad, 127 Mo. 197; Och v. Railroad, 130 Mo. 27; Partello v. Railroad, 240 Mo. 122; Nagel v. United Rys. Co., 169 Mo. App. 284.] Likewise this rule has been applied in favor of mere strangers whose business or duties requires them to go about cars and railroad tracks. [Tateman v. Railroad, 96 Mo. App. 448.]

It will not do to state broadly or dogmatically that the doctrine of *res ipsa loquitur* is never applicable as between master and servant. There are isolated cases wherein the nature of the accident prima-facie indicates negligence of the master to a degree making rebuttal proof on his part necessary. [McGrath v. Railroad, 197 Mo. 97; Hamilton v. Railroad, 123 Mo. App. l. c. 620; Klebe v. Distilling Co., 207 Mo. l. c. 487, and cases cited; Blanton v. Dold, 109 Mo. 64; Jones v. Railroad, 178 Mo. l. c. 540; Stoher v. Railroad, 91 Mo. 509; Kelley v. Railroad, 105 Mo. App. 365; Folk v. Schaeffer, 126 Pa. St. 253; Turner v. Haar, 114 Mo. 335; Doherty v. Booth, 200 Mass. 522; Fitzgerald v. Southern Ry. Co., 6 L. R. A. (N. S.) 337, and cases cited in note.] Naturally in the absence of the adventitious aid of fellow-servant statutes, which have very greatly broadened the field of the application of this doctrine (Jones v. Railroad, 178 Mo. l. c. 545), such cases are, of necessity, comparatively rare. To make out a case for the application of this doctrine, the facts relied on ought to be such as reasonably to exclude all defensive inferences at-

tributable by operation of law to the negligence of the plaintiff or that of a fellow-servant (absent a fellow-servant statute), defects in the lethal instrumentality which are latent or so recent in happening as to afford no reasonable opportunity for their discovery, lack of causal connection, and the assumption of the usual hazards of the employment. [Jones v. Railroad, supra; Folk v. Schaeffer, supra; Chenall v. Palmer Brick Co., 117 Ga. 106; Fitzgerald v. Railroad, supra, and note with cases cited.]

Do the facts in the instant case so speak as inevitably to charge prima-facie negligence from the bare statement that the wire cable broke and the bucket fell and the defendant was hurt? We do not think so, nor do we think that the adjudged cases in this State or elsewhere, so hold by even a respectable weight of authority.

In the case of Oglesby v. Railroad, 177 Mo. 272, l. c. 301, a case in which a train was derailed and an employee hurt, and in which train a car was found with sills broken from rot and "dotiness," and which may, we think, upon close examination and logical criticism, be found to show the phase of lack of causal connection, it was nevertheless said:

"For plaintiff in this case the error has been made throughout of assuming instead of proving the existence of the very fact assigned as his cause of action. Thus it is said: 'Certain it is if the timbers of this car [the "U. L." car] were rotten they were liable to break from that fact. Therefore given the rotten timbers, the broken car and the wreck, what more is needed to make out a prima-facie case for plaintiff?' And again it is said, 'If the timbers of this "U. L." car were doty and worm eaten, if they broke in two, dropped down, plowed into the roadbed and formed a barrier against which the rear cars of the train were thrown, the jury needed no expert testimony to assist them in finding the cause of the

wreck.' Had plaintiff been a passenger upon defendant's train riding in a place assigned to him by defendant's authorized agents, the fact of the wreck, and the existence of the decayed sill timbers of this broken 'U. L.' car would have been ample to have raised the presumption of negligence on the part of defendant, and properly could have been declared to have made out a prima-facie case for plaintiff, but not so when his relation to defendant was shown to have been that of employee to employer, and when he was at the time of receiving his injuries one of the train crew in the actual management and conduct of this wrecked train. To maintain an action against defendant it was necessary for plaintiff to allege, as he did, the particular cause of the wreck, and it was necessary that he prove the cause as alleged, either directly by witnesses who saw the occurrence or by proof of facts and circumstances from which the existence of the alleged cause might fairly and reasonably be inferred.''

Again in the case of Fuchs v. St. Louis, 167 Mo. 620, l. c., 645, an action brought by a wife for the death of her husband, caused by the explosion of a sewer, it was said:

''But the mere fact of an accident and the consequent injury resulting therefrom does not, as a rule, make out a prima-facie case. There are cases where the doctrine of *res ipsa loquitur* applies, but we can find no adjudicated case where that doctrine was applied to a case like the one before us. Except in cases relating to common carriers of goods and passengers or arising out of other contractual relations, the mere fact of an explosion, without affirmative proof of negligence, does not raise a prima-facie presumption of negligence on the part of defendant. [Huff v. Austin, 46 Ohio St. 386; Cosulich v. S. O. Co., 122 N. Y. 123; Walker v. Railroad, 71 Iowa, 658; Losee v. Buchanan, 51 N. Y. 476.] The plaintiff, therefore, made out

no case to be submitted to the jury and she is not aided by any testimony introduced by defendant."

In the case of Bohn v. Railroad, 106, Mo. 429, l. c. 433, an action for damages accruing from injuries received by the breaking of a "prize-pole" which was being used by a servant in raising a broken turntable of the master, at page 433 it was said:

"It is not the duty of the master to furnish any particular kind of tools, implements or appliances. His duty in this respect is to use ordinary care and diligence in selecting and furnishing safe and suitable tools and implements. No inference of negligence can arise from evidence which shows that the implement was such as is ordinarily used for like purposes by persons engaged in the same kind of business. The timber used in this case was new, sound and suitable for all the purposes for which it was used, and there is no evidence showing or tending to show that it had any inherent defects whatever."

Likewise in the case of Beebe v. Transit Co., 206 Mo. l. c. 441, which was an action for injuries caused to an employee by the explosion of the controller box on a street car, by which plaintiff's decedent was injured, it was said:

"The general rule is that the burden rests upon the plaintiff to prove the negligence of the defendant as alleged in the petition, and that such negligence was the proximate cause of the injury. 'In other words, negligence is not presumed, but must be proved. The difficulty of proving the negligence charged does not affect the principle.' [6 Thomp. on Law of Neg., sec. 7695; Miller v. Railroad, 186 Pa. St. 190.]

"We are firmly of the opinion that the doctrine of *res ipsa loquitur* is not applicable to the facts in this case. This, we think, is clearly demonstrated by the opinion of the St. Louis Court of Appeals in the case of Breen v. St. Louis Cooperage Co., 50 Mo. App. 202. Judge ROMBAUER, speaking for the court, said:

" 'In Jones v. Yeager, 2 Dillon, 68, the injury was the result of a boiler explosion. Judge DILLON, after briefly stating the well-known rules of law governing the master's liability in such cases, charged the jury as follows: "In the application of these principles to the evidence, you will first inquire whether the boilers in this case were unsafe or unfit for use, and, if so, whether the defendant knew it, or as a reasonable man, having a due regard for the safety of his employees, ought to have known it; for if he ought,· his neglect in this respect would be equivalent in imposing liability to actual knowledge; and in the next place you must inquire, and, in order to hold the defendant liable, must find from the evidence, that this defect was the direct and immediate cause of the accident, without which it would not have happened; and, if you thus find, then the defendant would thus be liable." That charge was given in a case where there was ample evidence tending to show that the boiler which burst was weak and worn, and expert evidence tending to show that it burst owing to such weakness. This clearly shows that the rule of *res ipsa loquitur* cannot be applied with any sense of reason to a case of complicated machinery, nor can the jury, from the mere fact that some defect exists in some part thereof, conjecture not only that such defect was the direct and immediate cause of the accident, but also that it was the duty of the defendant to foresee such conjectural result and guard against it. The employer fulfills his duty by guarding against the probable result of defects, even if such defects are shown. Holding him responsible for conjectural results shifts his liability from the ground of negligence to that of insurance. ' "

In the case of Howard v. Railroad, 173 Mo. l. c. 530, an action precisely like this in principle, and which was based on injuries caused by the breaking of the handle bar upon a hand car on which plaintiff was riding to his work, this court said:

"We are familiar with the well-settled doctrine and we fully approve of it, that the master must furnish the servant with reasonably safe machinery in the course of his employment, and that if the machinery is defective and unsafe and the master has knowledge of it, or by the exercise of ordinary care could ascertain such defects, then and in that case he must respond in damages for such injuries to the servant as result from such unsafe machinery.

"But, on the other hand, it is equally well settled that the master is not an insurer of the absolute safety of the machinery furnished his servant. He is only bound to use ordinary care in furnishing reasonably safe appliances in pursuit of the work in which the servant is engaged. [Blanton v. Dold, 109 Mo. 64; Covey v. Railroad, 86 Mo. 635, and numerous cases.]

"In this case the fact that the handle bar broke does not necessarily make defendant liable for the injury resulting from such broken bar; but it is incumbent upon plaintiff, before he is entitled to recover, to show that the appliance was unsafe and defective, and that defendant had knowledge of it, or by the exercise of ordinary care could have discovered the defect. [Bohn v. Railroad, 106 Mo. 429; Yarnell v. Railroad, 113 Mo. 570.]"

So similarly say our Courts of Appeals: In the case of Hamilton v. Railroad, 123 Mo. App. l. c. 627, which was an action by an employee for hurts accruing from a defective brake wheel, one of the ablest jurists who ever sat upon any bench in this State, in a scholarly and fairly exhaustive examination of this whole question, among other things, said:

"The occurrence here in controversy was not of such nature as to be classed with those which themselves show they must have happened from a negligent cause for which defendant would be chargeable. When the evidence shows a state of affairs where an inference could be reasonably drawn that the occurrence was

due to a cause or causes other than culpable negligence of the defendant, a case is not made for the plaintiff. [McGrath v. Transit Co., 197 Mo. 97.]  This occurrence, of course, had a cause.  But it by no means follows that such cause was one for which defendant could be charged with liability.  If it was something connected with the brake which broke or gave away, it may have been the brake clasp itself, or the chain, or the brake rod, or the wheel at the top with which the brake is set.  There is nothing to show which of these it was. Either of them may have had a concealed defect, which inspection, however painstaking, would not have shown, and for the nondiscovery of which defendant could not be blamed.  It has always been understood in this State to be the law that for a servant to hold the master liable for an injury received in the course of his employment, he must produce competent affirmative evidence of the master's negligence.  [Howard v. Railroad, 173 Mo. 524.]   The injury of which plaintiff complains may have been the result of his negligenc, or of his own misadventure.  His hands may have slipped; his hold on the wheel may have unconsciously loosed as he swung his weight in his efforts to tighten the brake. So as he swung his weight around with the wheel, his feet necessarily bearing hard upon the roof of the car, they may have slipped and caused his fall.  Yet, with all these contingencies, and more which might be suggested, we are asked to supply the lack of evidence with a presumption in plaintiff's favor.  We do not believe it would be sound policy to carry the rule so far as that; neither could we do so without coming in contact with the views of the Supreme Court.''

In the case of Goode v. Coal Co., 167 Mo. App. l. c. 175, an action for injuries accruing to an employee in a coal mine by the falling of rock from the roof, it was said:

''It will be noticed that in this instruction, which assumes to cover the whole case and to direct a verdict,

the jury were required to find for plaintiff on the sole hypothesis that her husband was killed by a rock falling from the roof of the entry at a place that was not his working place, without reference to the issues of whether or not the dangerous character of the rock would have been discoverable to an ordinarily careful and prudent master, in the exercise of due care towards his servant, and whether or not defendant did employ due care in the discharge of its duty of mastership. The fact that the rock fell, of itself, was not sufficient proof of negligence. [Wojtylak v. Coal Co., 188 Mo. 260.] The burden was on plaintiff to satisfy the jury that the rock not only was in a dangerous condition but that such condition would have been discovered by defendant had reasonable care been exercised in time to have prevented the injury."

To the same general import are the cases of Glasscock v. Dry Goods Co., 106 Mo. App. 657; Copeland v. Wabash R. R. Co., 175 Mo. 650; Deckerd v. Railroad, 111 Mo. App. 1. c. 123; Bowen v. Railroad, 95 Mo. 268; Fugler v. Bothe, 117 Mo. 1. c. 491; 26 Cyc. 1411, and cases cited; Cothron v. Cudahy Packing Co., 98 Mo. App. 343; Carnegie Steel Co. v. Byers, 82 C. C. A. 115, and cases cited in note; Fitzgerald v. Railroad, 6 L. R. A. (N. S.) 337, and cases cited in note; Walkowski v. Penokee, etc., Mines, 41 L. R. A. 33, and note; Byers v. Carnegie Steel Co., 16 L. R. A. (N. S.) 214, and cases cited in note. Also the curious may consult the cases set out *pro* and *con* upon this question in Klebe v. Distilling Co., 207 Mo. 480, and Hamilton v. Railroad, 123 Mo. App. 619. The above authorities and the cases cited therein will be found to comprehend practically all of the case law in the United States against applying the doctrine of *res ipsa loquitur* to the relation of master and servant generally, and in a case like the instant one, as also much of what learning there is in the case law in favor of the application of said doctrine in a proper case to the relation aforesaid. A summary

of the general rule and of the exceptions calling for an application of the doctrine of *res ipsa loquitur* is thus stated in 26 Cyc. 1411:

"No presumption of negligence on the part of the master arises from the mere existence of a defect or the happening of the accident through which the servant was injured. The maxim *'res ipsa loquitur'* is applicable only where the matter of the occurrence or the attendant circumstances are such that the jury can reasonably infer that the occurrence would not have taken place unless the master was lacking in diligence, and where there is the slightest evidence to explain the happening of the occurrence on any other theory than that of the negligence claimed, the jury should disregard the inference arising from the fact of the injury."

But pursuing the matter further would but add more length without more light to these views. The petition of plaintiff here under discussion did not attempt to set out any reason for the breaking of the steel cable. It broke, and the bucket fell, and plaintiff was hit and hurt. That is all. It may have broken from having been concededly overloaded by plaintiff, or by his fellow-servant; it may have broken from a latent undiscoverable defect; it may have broken because of a sudden jerking or unnecessarily hard movement, of the hoisting engine; it may have suddenly become defective, too recently to thrust on defendant the legal duty of discovery; any of these things, or even others, may have operated to produce plaintiff's injury. Therefore, it was, we think, the duty of plaintiff to state such affirmative facts, touching the manner of the happening of the casualty, as to negative by fair inference the theory that it occurred by reason of some efficient defensive cause precluding as a matter of law the liability of defendant. This much we think, is due in a case, in fairness and candor to the courts, that they may not sit and fritter away time in doing vain and futile things; in trying alleged lawsuits wherein, if the conceded facts

were candidly stated, it would instantly be seen that no cause of action lies.

It follows that the judgment should be affirmed. Let this be done. All concur.