LEON SILVERBERG et al., Appellants, *v.* EDWIN S. SCHWEIG et al., Respondents.

Submitted April 22, 1942; decided June 4, 1942.

*Arthur Hutter* and *Joseph A. Jacobson* for appellants. This is a *res ipsa loquitur* case. (*Goldstein* v. *Pullman Co.*, 220 N. Y. 549; *Storms* v. *Lane*, 223 App. Div. 79; *Katz* v. *Goldring*, 237 App. Div. 824; *Puleo* v. *Bailey*, 186 App. Div. 771.) The use of the fire escape for non-emergency purposes is no bar to recovery. (*Malcolm* v. *Thomas*, 207 App. Div. 230; 238 N. Y. 577; *Vaughan* v. *Transit*

*Development Co.*, 222 N. Y. 79; *Roth* v. *Mitteldorf*, 248 App. Div. 608; *Higgins* v. *New York Florists Supply Co.*, 275 N. Y. 506; *Levine* v. *Bowery Savings Bank*, 283 N. Y. 497; *Haefeli* v. *Woodrich Eng. Co.*, 255 N. Y. 442; *Heffron* v. *N. Y. C. & H. R. R. R. Co.*, 223 N. Y. 473.)

*Francis Van Orman* and *A. T. Antinozzi* for respondents. This is not a case for *res ipsa loquitur*. (*Slater* v. *Barnes*, 241 N. Y. 284; *Galbraith* v. *Busch*, 267 N. Y. 230; *Nabson* v. *Mordall Realty Corp.*, 257 App. Div. 659.) The defendants' evidence overcomes any presumption that they were negligent. (*Huscher* v. *N. Y. & Queens El. L. & P. Co.*, 158 App. Div. 422; *Sweeney* v. *Edison Electric Illuminating Co.*, 158 App. Div. 449; *Plumb* v. *Richmond Light & R. R. Co.*, 233 N. Y. 285; *Klein* v. *Fraser*, 169 App. Div. 812; *Potts* v. *Pardee*, 220 N. Y. 431; *St. Andrassy* v. *Mooney*, 262 N. Y. 368.) The infant plaintiff was a mere licensee. (*Hudson* v. *Church of Holy Trinity*, 250 N. Y. 513; *Collentine* v. *City of New York*, 279 N. Y. 119; *Greco* v. *Levy*, 257 App. Div. 209; 282 N. Y. 575; *Mendelowitz* v. *Neisner*, 258 N. Y. 181; *Ehret* v. *Village of Scarsdale*, 269 N. Y. 198; *Morse* v. *Buffalo Tank Corp.*, 280 N. Y. 110; *McAlpin* v. *Powell*, 70 N. Y. 126; *Vega* v. *Lange*, 248 App. Div. 521; *Aubrey* v. *McCarthy*, 217 App. Div. 492.)

*Per Curiam.* The infant plaintiff sustained personal injuries allegedly due to a defective drop ladder which formed a part of a fire escape attached to a multiple dwelling owned by the defendant Schweig and managed by the defendant Herman.

Upon the present record we think there was no evidence that the defendants, or either of them, had such exclusive possession, control and oversight of the agency which is alleged to have caused the infant plaintiff's injury, as to make applicable the rule of *res ipsa loquitur*. (*Foltis, Inc.*, v. *City of New York*, 287 N. Y. 108, 114–117; *Bressler* v. *New York Rapid Transit Corp.*, 270 N. Y. 409, 413; *Galbraith* v. *Busch*, 267 N. Y. 230, 235; *Slater* v. *Barnes*, 241 N. Y. 284, 287.) There was evidence, however, sufficient to present a question of fact whether, when the infant plaintiff used the drop ladder as a means to reach the fire escape, he did so as an invitee to whom the defendants owed the duty to maintain the ladder in a reasonably safe condition for such use. (*Bowers* v. *City Bank Farmers Trust Co.*, 282 N. Y. 442, 445.)

The judgments should be reversed and a new trial granted, with costs to abide the event.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.