HOWARD CARTER, Appellant, v. SKELLY OIL COMPANY and WILLIAM N. SCOTT, Respondents, No. 43136—252 S. W. (2d) 306.

Division One, November 10, 1952.

*William D. Cosgrove* for appellant.

*Carl C. Lovell* and *C. A. Randolph* for respondent Skelly Oil Company.

572

HOLLINGSWORTH, J.—This is an action to recover damages in the sum of $40,000 for personal injuries [307] suffered by plaintiff from an explosion of gasoline on premises owned and operated by defendants. The sole question for determination is whether the petition states a cause of action under the res ipsa loquitur doctrine.

Defendants filed separate motions to dismiss upon the ground the amended petition failed to state a cause of action, or, in the alternative, to require plaintiff to specifically plead the negligence with which he charged defendants. The motions to dismiss were overruled, and the alternative motions were sustained. Upon plaintiff's refusal to further plead, the petition was dismissed and judgment entered in favor of defendants. Plaintiff appealed. No brief has been filed in behalf of defendant Scott.

The petition, reduced to narrative, alleged:

On November 8, 1951, defendant Skelly Oil Company, a corporation, owned and operated a service and filling station in Kansas City. Defendant William N. Scott and James Merritt, Jr., now deceased, and then Scott's partner, were agents of Skelly Oil Company in the operation of said station. On said date, plaintiff drove his automobile to the station for service and repairs. Defendants drove the car into their lubrication room and closed the outer doors thereof, and caused the car to be raised upon their hydraulic grease rack. The lubrication room was equipped with a kerosene heating stove; the outdoor temperature was 43 degrees, Fahrenheit. While attempting to repair and service the car, defendants drained approximately ten gallons of gasoline from the car tank onto the concrete floor of the lubrication room. As the gasoline was draining, defendants were pushing it along the floor with a squeegee. Defendants "carelessly and negligently allowed said gasoline to violently explode and catch fire", injuring plaintiff.

Although the petition does not so allege, defendant states, and plaintiff's reply brief impliedly admits, that plaintiff was present in the lubrication room when the explosion occurred.

Much has been written on the doctrine of res ipsa loquitur. The difficulty is not in stating the rule, but in determining its applicability to the facts. "In general and on principle the doctrine res ipsa loquitur does not apply except when: (a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge use due care; (b) the instrumentalities involved were under the management and control of the defendant; (c) and the defendant possesses superior knowledge or means of information as to the cause of the occurrence." McCloskey v. Koplar, 329 Mo. 527, 533, 46 S.W. 2d 557, 559. See also Cruce v. Gulf, Mobile & Ohio R. Co., 358 Mo. 589, 216 S.W. 2d 78, 80-82; Hart v. Emery-Bird-Thayer Dry Goods Co., 233 Mo. App. 312, 118 S.W. 2d 509, 510-512.

It is a matter of common knowledge that gasoline is highly volatile and explosive when exposed to flame or spark and that it must be carefully guarded therefrom. Defendant Skelly Oil Company concedes as much, and suggests: "The necessary spark might have been produced by the fire in the kerosene oil stove, if it were burning, by nails in his [plaintiff's] or the attendant's shoes in walking on the concrete floor, by either smoking or lighting a cigarette, by either turning a light switch, by dropping a tool on the concrete floor, by a running motor in this work shop, and perhaps by other means."

Defendant contends, however, that an explosion such as is charged in the petition is "not unusual or out of the ordinary", citing Kapros v. Pierce Oil Co., 324 Mo. 992, 25 S.W. 2d 777; Nomath Hotel Co. v. Kansas City Gas Co., 204 Mo.App. 214, 223 S.W. 975, 981; Kelley v. National Lead Co., 240 Mo.App. 47, 210 S.W. 2d 728, 733. Neither of

these cases is in point here. In the Kapros case, this court especially noted that the fire there in question started on a driveway accessible to and used by the customers of defendant in driving their cars to defendant's gasoline pumps to have their car tanks filled. The court said of the facts, l.c. 781: "In entering the filling station with his automobile's electrical mechanism working and lights burning, the plaintiff passed over the spot where the fire later flared [308] up. He got out and took a position on that spot. He said he was unable to testify whether there was any gasoline or other inflammable substance there, and the attendant says there was none. When the fire started, it was on the ground back of the car, and not on the pump or hose. * * * The testimony of all of plaintiff's witnesses was, furthermore, that no explosion occurred." In the course of the opinion the statement was made, l. c. 782: "It cannot be said as a matter of common knowledge that fires ordinarily do not occur at gasoline filling stations except from negligence on the part of the proprietor, especially when automobiles are being charged with gasoline." That statement is made in connection with the facts there under consideration. It is not applicable to the facts here alleged.

In the Nomath Hotel case, supra, specific negligence was alleged and the case was determined on that basis. The Kelley case, supra, did not deal with a fire or explosion and what is said therein is in no way akin to the problem here posed.

Defendant also says that the mere fact that there was an explosion does not make out a prima facie case or raise a presumption of negligence, under the res ipsa loquitur theory. True, the mere fact of the explosion, without more, does not bespeak negligence. Niswander v. Kansas City Gas Co., Mo.App., 181 S.W. 2d 165; Nomath Hotel Co. v. Kansas City Gas Co., 204 Mo.App. 214, 223 S.W. 975. If, however, in addition to the explosion, there are other facts and circumstances from which the jury may reasonably infer that the explosion was caused by a flame or spark emanating from an instrumentality under the management and control of defendants, then their negligence may be inferred.

The case of Nelson v. Zamboni, 164 Minn. 314, 204 N.W. 943, is fairly analogous. In that case, plaintiff's decedent was using a toilet in defendant's filling station when an explosion occurred in the building, fatally injuring decedent. There was no direct evidence of its cause. There was evidence that two large gasoline tanks were in the basement. They were not buried as is usually the case. Air pressure was supplied to them by an electrically operated pump controlled by an automatic switch. There was evidence that the switch was uncovered. Plaintiff's theory was that gasoline vapors could come into contact with a spark from the switch. The court held, l.c. 944: "We do say, however, that the case as made by plaintiff was a proper one for the application of the rule of res ipsa loquitur. The accident was

of a kind not likely to happen if those in control of the instrumentality use a degee of care commensurate with the danger. The propensity of gasoline to vaporize, and thereby produce material for a violent explosion, is well known and ordinarily controlled by due care. So the mere explosion of a filling station is some evidence that those responsible for its safe operation have failed at some point to exercise due care."

We think the facts pleaded in this case would justify a finding that the explosion here alleged would not ordinarily occur if due care had been exercised.

█ Defendant further says the danger of explosion and fire from gasoline draining from plaintiff's car to the concrete floor was so open and visible and well known to plaintiff there is no necessity to invoke the doctrine. The draining of the gasoline onto the floor and pushing it with a squeegee is not the negligence charged. While that fact well may denote negligence in the manner of handling such a highly inflammable and explosive substance, yet the negligence charged against defendants is that they "allowed said gasoline to violently explode and catch fire". It does not necessarily follow that plaintiff knows the cause of the explosion simply because he saw gasoline being spilled upon the floor.

█ It is further contended that defendants did not have exclusive control and management over all of the agencies involved in the occurrence and had no knowledge or means of information of the cause of the explosion superior to that of plaintiff. This contention is based upon the theory that plaintiff was present and that some act of his may have caused the explosion or [309] that by reason of his presence he would have knowledge or means of information as to the cause of the explosion equal to that of defendants.

We are not here concerned with what the evidence may show. We are concerned only with the sufficiency of plaintiff's petition. Generally speaking, the doctrine of res ipsa loquitur has no application to the pleadings. 65 C.J.S., Negligence, § 187(e), p. 895. Rather is it an inference aiding in the proof. Harke v. Haase, 335 Mo. 1104, 75 S.W. 2d 1001, 1003; 38 Am.Jur., Negligence, § 298, p. 994. Where the nature of the case is such that the plaintiff would not be expected to know the exact cause of the precise negligent act producing the occurrence and the facts alleged may reasonably be found to be peculiarly within the knowledge of defendant, the plaintiff is not required to allege the particular cause. Maybach v. Falstaff Brewing Corp., 359 Mo. 446, 222 S.W. 2d 87, 92; 38 Am. Jur., Negligence, § 262, p. 954. It is sufficient to invoke the doctrine if plaintiff allege such affirmative facts touching the manner of the happening of the casualty as to negative by fair inference any fact that would make the rule inapplicable. Removich v. Bambrick Const. Co., 264 Mo. 43, 173 S.W. 686, 690. It

is only necessary to "allege the facts in a general way, which will give the defendant notice of the character of proof that would be offered to support the plaintiff's case". 38 Am. Jur., Negligence, § 262, p. 954.

The petition does not expressly state that plaintiff's car was placed under the management and control of defendants or that the lubrication room and the equipment therein were under their management and control, or that plaintiff had no knowledge of the precise cause of the explosion. It is not to be commended as a model. Upon specific motion to make more definite and certain in these respects, it should be amended to do so. But it does allege that defendants *drove* plaintiff's car into *their* lubrication room, *closed* the outer doors thereof, *caused* it to be raised upon *their* hydraulic grease rack, *drained* gasoline onto the floor and *pushed* it with a squeegee and negligently *allowed* the gasoline to explode. We hold that these allegations, in the absence of motion to make more definite and certain, are sufficient to charge defendants with the management and control of the agencies allegedly involved in the occurrence, and, by fair inference, to negative plaintiff's knowledge of the precise negligent act producing the explosion.

■ Defendant further says that the doctrine does not apply "where the act which caused the injury was beyond doubt the voluntary and intentional act of some person", and then says: "The only matters charged in the petition are that the attendant drained the gasoline out of plaintiff's automobile tank on the concrete floor, and while it was draining out of the tank he was pushing it along the concrete floor with a squeegee after he had shut the doors to the garage. It would be difficult to imagine a more perfect example of a charge that the occurrence complained of resulted from the voluntary and intentional act of some person." Again defendant deals with a matter of evidence. See Jones v. Terminal R. R. Ass'n of St. Louis, Mo. Sup., 242 S.W. 2d 473, 476[3-5]. But, in any event, the petition does not allege any fact tending to show a voluntary and intentional ignition of the gasoline. The point is without merit.

■ Defendant finally says that plaintiff was guilty of contributory negligence as a matter of law in remaining in the room when he saw the presence of gasoline upon the floor and so glaringly available for contact with spark or flame. We do not decide that question. It is purely a defensive matter which plaintiff is not required to negative in his petition. Long v. F. W. Woolworth Co., Mo. Sup., 159 S.W. 2d 619, 624.

The cause is reversed and remanded with directions to set aside the order and judgment dismissing the action and to reinstate the petition and for such further action as the parties may desire to take in accordance wth the views expressed in this opinion. All concur.