## (December 16, 1963)

OLGA CORCORAN, Respondent-Appellant, v. BANNER SUPER MARKET, INC., Respondent-Appellant, and FRANCES J. PHELAN et al., as Executors of MARGARET L. KANE, Deceased, Appellants-Respondents.— In a consolidated negligence action to recover damages for personal injury against: (1) the defendant executors, as the owners of certain store premises; and (2) the defendant Banner Super Market, Inc., as lessee of said premises, in which action the latter asserted a cross complaint for indemnification against said executors, the parties cross-appeal as follows from a judgment of the Supreme Court, Kings County, entered October 5, 1962 after a nonjury trial upon the

decision and opinion of the court (see 36 Misc 2d 395): (1) The defendant executors appeal, as limited by their brief, from so much of the judgment as is in the plaintiff's favor against them. (2) The defendant Banner corporation appeals from so much of the judgment as dismissed its cross complaint against the defendant executors. (3) Plaintiff appeals from so much of the judgment as dismissed her complaint against the defendant Banner corporation. Judgment, insofar as appealed from by the respective parties, reversed on the law and the facts, and a new trial granted, with costs to abide the event. On March 10, 1957, while walking along the sidewalk on Flatbush Avenue, a public highway in Brooklyn, the plaintiff was injured by a board, 7 feet long and 5½ inches wide, which fell from the front of abutting store premises. The board had been affixed vertically and covered a 5½-inch open gap or space between adjoining stores, one at No. 2052 and one at No. 2054 Flatbush Avenue. One inch of the board had been located on the No. 2054 premises and the remaining 4½ inches had been located on the No. 2052 premises. Plaintiff, however, did not sue the owner of No. 2052; plaintiff sued only the owners (the defendant executors) and the lessee (the Banner corporation) of No. 2054. While it appears that the board had been in place since 1947, there was no evidence as to when the board was erected, who erected it or who maintained it. Margaret L. Kane, the original owner of No. 2054 on the date of the accident, was apparently deceased when the complaints were served and when the action was tried; and the owner of No. 2052 was not called to testify. No attempt was made to establish actual negligence in the erection or maintenance of the board. The case was tried solely on the theory of *res ipsa loquitur* against both the defendant executors as the owners and against the defendant lessee, the Banner corporation. The applicability of the doctrine of *res ipsa loquitur* depends in part on a showing that the instrumentality causing the injury was in the exclusive control of the defendant or defendants (*Silverberg* v. *Schweig*, 288 N. Y. 217; *Slater* v. *Barnes*, 241 N. Y. 284, 287; *Murphy* v. *City of New York*, 19 A D 2d 545). The *Murphy* case involved the fall of a door from a lamppost. The City of New York was sued together with one of two companies which had access to the post. Two of the Justices in the majority concluded that the *res ipsa* doctrine did not apply because at the time of the occurrence the public had easy access to the post and because the Consolidated Edison Company, even though it had lawful access to the post, had not been made a defendant. The concurring opinion of the third Justice in the majority was based solely on the second ground mentioned. The *Murphy* case therefore holds that the *res ipsa* doctrine cannot be applied where one who had access and control of the instrumentality had not been made a defendant; and that there was accordingly a failure to prove that the instrumentality had been in the exclusive control of the named defendants. The doctrine of *res ipsa loquitur* can be applied against several defendants, when it is shown that they collectively control the instrumentality that caused the injury (*Schroeder* v. *City & County Sav. Bank of Albany*, 293 N. Y. 370, 374). We are not unmindful that it has been urged that some control, rather than exclusive control, is all that is necessary for the application of the doctrine (cf. 2 Harper and James, Torts, § 19.7, pp. 1085–1086). We find no authority, however, in this jurisdiction which sanctions the application of the doctrine of *res ipsa loquitur* against one person who has been joined as a party defendant, where another person who had equal control over the instrumentality has not been made a party defendant. In the present case two owners of contiguous real property, each owing a nondelegable duty to users of the sidewalk, controlled a board which fell and injured the plaintiff. One owner (through her personal representatives) was made a defendant and the other owner was not made a defendant. Under the circumstances, the proof is insufficient to establish

that the board was in the exclusive control of the defendants sued, and the doctrine of *res ipsa loquitur* cannot be applied. In the interests of justice, however, the plaintiff should be given a new trial, at which she will be afforded the opportunity of establishing the negligence of the defendants upon another theory, if she be so advised. Ughetta, Acting P. J., Hill and Hopkins, JJ., concur; Kleinfeld and Rabin, JJ., dissent and vote to affirm the judgment *in toto*, with the following memorandum: The trial court made the following findings of fact: (1) that a board, 5½ inches wide, covered the space between the buildings situate on premises 2052 and 2054 Flatbush Avenue; (2) that the board, to the extent of one inch in width, was affixed on premises 2054 Flatbush Avenue, owned by the defendant executors;* (3) that the remaining portion of the board overlapped on premises 2052 Flatbush Avenue; (4) that plaintiff, a sidewalk pedestrian, was struck by the board which became dislodged and fell upon her; (5) that the owner of premises 2052 Flatbush Avenue had not been served with process; and (6) that the defendant executors, together with the owner of the adjoining premises, were in control of the board.* On these facts the trial court held that the owners of both premises were each chargeable with responsibility for the fallen board on the theory of *res ipsa loquitur*, but that the owners of 2052 Flatbush Avenue, who were not before the court, could not be cast in damages. Hence, the damages were solely assessed against the defendant executors. In our opinion, the facts as found were sufficient for the trial court to hold the doctrine of *res ipsa loquitur* applicable to the defendant executors, even though they (or their testatrix) did not have sole control of the board at the time of the accident. Owners of adjoining premises have divisible and concurrent liability to any party injured as a consequence of a peril existing on both premises (*Wold* v. *Grozalsky*, 277 N. Y. 364). Such divisible and concurrent responsibility was enough to make applicable the doctrine of *res ipsa loquitur*, since it is not required that there must be a single person in " control " of the entire instrumentality which caused the injury to the plaintiff; and it is clear that " control " is established where " one or some or all " of multiple " interdependent defendants are in control and burdened with supervision " (*Schroeder* v. *City & County Sav. Bank*, 293 N. Y. 370, 374). We concur in the suggestion that " ' control ' is simply the wrong word " which might be discarded since it leads to confusion which could be averted if " we were to say merely [in *res ipsa loquitur* cases] that the apparent cause of the accident must be such that the defendant would be responsible for any negligence connected with it " (Prosser, Torts [2d ed.], p. 206; in accord, 2 Harper and James, Torts, § 19.7, pp. 1085–1086). We do not find the cases cited by the majority to be controlling here. In *Silverberg* v. *Schweig* (288 N. Y. 217, 219, *supra*) it was held that " there was no evidence that the defendants, or either of them, had such exclusive possession, control and oversight of the agency which is alleged to have caused the infant plaintiff's injury, as to make applicable the rule of *res ipsa loquitur*." In *Slater* v. *Barnes* (241 N. Y. 284, 287, *supra*) it appeared that a single defendant " was not in possession of the premises [rented to a tenant, wherein a ceiling had fallen] or at a post of observation ", and that it was therefore error for the Trial Judge to impose upon such defendant the " duty of explanation of something which happened beyond the realm of his observation or control ". In *Murphy* v. *City of New York* (19 A D 2d 545, 546, *supra*), involving the fall of a door from a lamppost, the City of

---

* It would appear from the admission in the executors' answer that on the date of the accident the executors' testatrix was still alive and owned the premises at No. 2054; but this discrepancy would not affect the executors' liability (Decedent Estate Law, § 118).

New York and only one of two corporations which had access to the post and its equipment, were sued. In the disposition of that case, only one of the Justices in the majority placed sole reliance for his view on the failure to join the nondefendant corporation, so that it may fairly be said that the majority view did not necessarily and squarely dispose of the question of nonjoinder which is the critical issue in the instant action. The case at bar is devoid of the factors mentioned in the foregoing cases which excluded the application of the *res ipsa* doctrine.